**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**MONTE SILVER**
Hahoshlim 6
Herzlia, Israel

Civil Action No. _____

**MONTE SILVER, LTD**., an Israeli corporation
Hahoshlim 6
Herzlia, Israel
                *Plaintiffs*

*v.*

**UNITED STATES**
**OF AMERICA**

                *Defendants*

**<u>COMPLAINT</u>**

**INTRODUCTION**

1.      This action arises under Sections 6103 and 7431 of the Internal Revenue Code ("IRC"), 26 U.S.C. §§6103 and 7431, and seeks damages for unauthorized sharing and disclosure of Plaintiffs' federal tax returns and return information.

**PARTIES**

2.      Plaintiff Monte Silver ("Silver") is a United States citizen residing in Israel.  He received a bachelor's degree from the University of California at Los Angeles and earned a law degree at Boston University School of Law.  He became a member of the California Bar in 1994. In 1997, he moved to Israel where he practices law, primarily representing international clients with issues relating to United States law.

3.      Monte Silver Ltd. ("Limited") is a company organized as an Israeli corporation. Silver is the sole shareholder in Limited.

4.      The Defendant is the United States of America, the proper defendant in cases brought under 26 U.S.C. §7431.

**JURISDICTION AND VENUE**

5.      This Court has federal question jurisdiction under 28 U.S.C. §1331 because this case involves a cause of action under 26 U.S.C. §6103 and 26 U.S.C. §7431 for the unauthorized inspection and disclosure of federal tax returns and return information.

6.      Venue is proper in this Court under 28 U.S.C. §1391(e)(1).

## FACTUAL ALLEGATIONS

### Plaintiffs Commence *Monte Silver, et al. v. IRS, et al.*, 1:19-cv-0247 ("*Silver I*")

7.     On January 30, 2019, Plaintiffs commenced a lawsuit against the Internal Revenue Service (the "IRS"), Department of Treasury ("Treasury") and other officers in a case entitled *Monte Silver, et al. v. IRS*, et al., 1:19-cv-0247 (APM) ("*Silver I*").

8.     *Silver I* concerned three federal administrative procedural statutes— Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, the Regulatory Flexibility Act (RFA), 5 U.S.C. § 601, *et seq.*, and the Paperwork Reduction Act (PRA), 44 U.S.C. § 3501, *et seq.*, which the IRS and Treasury violated when they issued an extensive set of regulations that implemented and interpreted the complex international Transition Tax provisions under IRC 965, enacted as part of the Tax Cut and Jobs Act, Pub. L. 115–97 (2017) (the "TCJA").

9.     On March 26, 2019, Plaintiffs filed their First Amended Complaint.

10.     On July 1, 2019, the IRS and Treasury moved to dismiss for lack of jurisdiction, which the district court denied on December 24, 2019. *Silver v. IRS*, 2019 WL 7168625 (D.D.C. Dec. 24, 2019).

11.     The defendants in *Silver I* thereafter filed an Answer to the First Amended Complaint and produced the administrative record.

### Defendants in *Silver I* Illegally Expose Plaintiffs' Confidential Documents to the Public

12.     Upon information and belief, at some point after the commencement of *Silver I*, the defendants in *Silver I* provided officers and employees of the Department of Justice – in violation of 26 U.S.C. §6103 — confidential documents relating the Plaintiffs' 2017 federal tax returns. These documents included **(1)** Plaintiffs' 2017 federal tax return; **(2)** amendments to that return; **(3)** and other highly confidential tax, financial and personal information pertaining to Plaintiffs'

and Monte Silver's non- party wife (collectively the "Confidential Documents").

13.    The Confidential Documents constitute "returns" and/or "return information" within the meaning of 26 U.S.C. §6103.

14.    On May 15, 2020, Plaintiffs filed their motion for summary judgment.

15.    On July 20, 2020, the IRS and Treasury filed their opposition to Plaintiffs' motion for summary judgment and a cross-motion for summary judgment.

16.    The IRS, by their representative counsel – Richard Zukerman, Principal Deputy Assistant Attorney General, Joseph Sergi, Senior Litigation Counsel, Laura Conner, Trial Attorney, and Nishant Kumar, Trial Attorney – included the Confidential Documents in their summary judgment motion.

17.    Furthermore, in these pleadings, Zukerman, Sergi, Conner and Kumar made outrageous, false and damaging statements ("False Statements") relating to the Confidential Documents they illegally disclosed.

18.    It is important to note that *Silver I* had nothing to do with Plaintiffs' tax liability but instead was a plain vanilla administrative law procedural challenge to Defendant's regulations. Indeed, the IRS at all times acknowledged that Silver and Silver Ltd. owed no taxes either under the new Transition Tax or the regulations they issued interpreting and implementing the Transition Tax. Rather, the new law and regulations imposed on Plaintiff significant on-going compliance costs which served as the basis for the lawsuit.

19.    Furthermore, at no time prior to (i) the inter-department sharing of the Confidential Documents, (ii) the disclosure of the same, or (iii) the making of the False Statements, did Defendants ever contact Silver or Silver Ltd. to discuss the completely irrelevant (or at best tangential) issues for which they claimed they shared and disclosed the Confidential Documents

and made the False Statements.  Quite the opposite.  Out of the blue, with no advance notice, Defendants simply dumped the Confidential Documents and False Allegations onto the internet. This conduct directly violated Defendant Regulations and Defendant's own explicit internal guidelines and policies in many significant ways, such as (i) tax returns only be shared and disclosed if the purpose of the disclosure "cannot otherwise properly be accomplished without making such disclosure", and (ii) even then, such disclosure may be made only to the court.

20.   In so doing, the IRS and Treasury ignored 26 U.S.C. §6103, its rationale and legislative history.  They also ignored regulations issued by the IRS that expressly prohibit the Department of Justice from making an unauthorized disclosure of tax returns.  The IRS ignored its own internal publications which strictly proscribe such conduct.

21.   Silver, a U.S. tax attorney, was both shocked and outraged by the disclosure and unfounded allegations made by the *Silver I* defendants, especially since he is a U.S. tax practitioner, who immediately realized that the disclosure of highly sensitive personal financial information on a massive scale coupled with Defendants' false assertions, would have serious repercussions on his professional reputation and business.

22.   Accordingly, Plaintiffs immediately contacted counsel for the IRS and Treasury and demanded that they remove the Confidential Documents from the internet and submit them to the court under seal.  *See* **Exhibit A**.   While the IRS and Treasury refused to remove the material from the internet, they offered to do so if Silver and Silver Ltd.  would concede a critical jurisdictional fact of the case, which would have resulted in the dismissal of the lawsuit.  *See* **Exhibit A**.  Plaintiffs viewed this demand as an unethical, sharp practice, a fact about which Silver and Silver Ltd. promptly notified the Court, stating: Plaintiffs "entertain serious questions about their personal safety. Where will Defendants' conduct end?"

23.   On August 3, 2021, Plaintiffs filed – under seal –  a motion to seal the Confidential

Documents.

24.     On February 24, 2021, the district court provisionally sealed the Confidential Documents.

25.     On March 28, 2021, the District Court denied in part Plaintiffs' motion to seal the Confidential Documents. Nevertheless, the Court went on to order the parties to meet and confer and file on or before April 30, 2021, proposed redactions to the tax records, as well as agreed-upon public versions of their filings.  According to the order, if the parties could not reach agreement, they would have to file supplementary briefing.  While the parties discussed the possible redactions, ultimately, they were not able to agree and, consequently submitted supplemental briefing.  As of this date, the Confidential Documents remain sealed.

**Plaintiffs commence *Monte Silver, et al. v. IRS, et al*., 1:20-cv-1544 ("*Silver II*")**

26.     On June 12, 2021, Plaintiffs commenced *Monte Silver, et al. v. IRS, et al*., 1:20-cv-1544-CKK ("*Silver II*"), which focused on Treasury/IRS violations of the APA, RFA and PRA during the rule-making process relating to the global intangible low-taxed income ("GILTI") provisions of the TCJA, codified at IRC §951A.

27.     As with *Silver I, Silver II* had nothing to do with Plaintiff's tax liability but instead was a plain vanilla administrative law procedural challenge Defendant's regulations.  Indeed, Silver and Silver Ltd. owed no taxes either under the new GILTI law or the regulations they issues interpreting the law. Rather, the new law and regulations simply imposed on Plaintiff significant on-going compliance costs which served as the basis for the lawsuit.

## The *Silver II* Defendants Illegally Expose Plaintiffs' Confidential Documents to the Public

28.    On August 24, 2021, the IRS and Treasury filed a motion to dismiss the *Silver II* lawsuit. In their motion to dismiss, the IRS and Treasury, through their agents – Zukerman, Sergi, Conner and Kumar – and over Plaintiff's strenuous objections, once again intentionally and wrongfully disclosed the Confidential Documents in direct contravention of 26 U.S.C. §6103.

29.    Because the Confidential Documents were provisionally sealed in *Silver I*, counsel for the *Silver II* defendants were apparently more concerned exposing those documents again in *Silver II*.  Prior to filing their motion to dismiss, counsel for the IRS and Treasury reached out to Plaintiffs and asked if they had redactions they wished to insert in the Confidential Documents before publicly filing them.  Plaintiffs objected to any disclosure of the Confidential Documents. *See* **Exhibit B**.

30.    However, under protest and solely to avoid much broader exposure, Plaintiffs agreed to either of the following: (i) instead of filing the Confidential Documents, Plaintiffs would have stipulated that the Confidential Documents did not state a U.S. office in the relevant box; or (ii) all material in the form other than the name of Plaintiffs and the empty box be redacted.  *See* **Exhibit B**.

31.    The *Silver II* defendants submitted a redacted version of portions of the Confidential Documents.  Notwithstanding these redactions, the disclosure of portions of the Confidential Documents was in violation of 26 U.S.C. §6103.

32.    As with *Silver I*, at no point did Defendant try to establish the tangential and/or irrelevant facts for which they disclosed the Confidential Documents in any way.  Even worse, the

Confident Documents, which only concerned tax year 2017, had absolutely nothing to do with any of the underlying issues in *Silver II.* That case deals only with tax years 2018 and beyond.

33. To reiterate, neither *Silver I* nor *Silver II* have anything whatsoever to do with Plaintiffs' tax liability arising under the Transition Tax or GILTI.

34. Rather, *Silver I* and *Silver II* are solely procedural administrative law challenges to the regulations, completely unrelated to taxes. The main reasons these two lawsuits were brought were to enforce purely procedural rights under the APA, RFA and PRA, which defendants in those cases violated and which resulted in significant compliance costs to Silver, Silver Ltd., and a vast number of other small businesses.

35. In the event and to the extent that Defendants seek to submit some or all of the Confidential Documents or any other material that would constitute "returns" or "return information" within the ambit of 26 U.S.C. §6103, Plaintiffs request that any such material be submitted solely **under seal** after consultation with Plaintiffs' counsel.

## COUNT I

## WRONGFUL DISCLOSURE UNDER 26 U.S.C. §6103

### (*Silver I*)

36. Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

37. Where an officer or employee of the United States who "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. §7431.

38. The *Silver I* defendants knowingly and wrongfully inspected the Confidential Documents, and then knowingly and wrongfully disclosed them by publicly and electronically

filing these documents in *Silver I*, knowing at all times that by filing these documents without any access restrictions, they would be made available to the entire planet via the internet.

39.    The IRS and Treasury's illegal activity has harmed Plaintiffs.

40.    Accordingly, Plaintiffs are entitled to damages to be proven at trial pursuant to 26 U.S.C. §7431(c).

## COUNT II

## WRONGFUL DISCLOSURE UNDER 26 U.S.C. §1603

### (*Silver II*)

41.    Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

42.    An officer or employee of the United States who "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. §7431.

43.    The *Silver II* defendants knowingly and wrongfully inspected the Confidential Documents, and then knowingly and wrongfully disclosed them by publicly and electronically filing these documents in *Silver II*, knowing at all times that by filing these documents without any access restrictions, they would be made available to the entire planet via the internet.

44.    The IRS and Treasury's illegal activity has harmed Plaintiffs.

45.    Accordingly, Plaintiffs are entitled to damages to be proven at trial pursuant to 26 U.S.C. §7431(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs against Defendants, as follows:

(a) Issue an order prior to the filing of any motion or responsive pleading by Defendants, requiring Defendants to submit under seal any documents or other information, including but not limited to the Confidential Documents, the constituting "returns" or "return information" as defined in 26 U.S.C. §6103(b).

(b) Award Plaintiffs damages in an amount to be proven at trial;

(c) Award Plaintiffs the costs of this action, including attorney's fees and all reasonable expenses pursuant to 28 U.S.C. §7431(c)(2)-(3).

(d) Grant such other and further relief as shall be deemed just and proper by the Court.

<u>Date</u>: January 4, 2022.

Respectfully submitted,

*/s/ Lawrence Marc Zell*
_____
L. Marc Zell
D.C. Bar #959437
ZELL & ASSOCIATES INTERNATIONAL
ADVOCATES, LLC
1345 Ave. of the Americas
2nd Floor
New York, NY 10105
(212)-971-1349
*Email:  mzell@fandz.com*
*Counsel for Plaintiffs*