# ZELL ARON & CO.
## צל ארן ושות' משרד עורכי דין

### AN AFFILIATE OF FANDZ INTERNATIONAL LAW GROUP
International Attorneys & Notaries

July 23, 2020

<u>VIA ELECTRONIC MAIL</u>

Nishant Kumar
Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel: (202) 514-2986
Fax: (202) 514-6866
Nishant.kumar@usdoj.gov

RE:   ILLEGAL DISCLOSURE OF TAX RETURNS UNDER 26 U.S.C. §6103 IN *SILVER ET AL. V. IRS, ET AL.*, NO. 1:19-CV-0247 (D.D.C.)

Dear Colleague:

Our firm represents the plaintiffs in the above-referenced case pending in the United States District Court for the District of Columbia. The purpose of this letter, *inter alia*, is to put the Defendants in the referenced litigation on notice of the illegal disclosure of plaintiffs' and non-party Tal Solomon's tax-related documents in the defendants' Appendix. (ECF 57-3).

Defendants published a large amount of very sensitive tax documents, including tax returns of plaintiffs and Tal Solomon, plaintiff Monte Silver's wife.[1] Not only did it publish sensitive material which is largely irrelevant to the case, but it did so excessively and unnecessarily and in bad faith. This egregious disclosure has greatly harmed our clients and, unless promptly rectified, will continue to do so.

As you know, 26 U.S.C. §6103(a) provides that "returns and return information shall be confidential." 26 U.S.C. §6103(h)(4) carves out a limited exception for the confidentiality of tax returns and related information. However, this exception – which the government appears to rely upon erroneously — is inapplicable under the circumstances. 26 U.S.C. §6103(h)(4) reads as follows:

> A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—
>
> (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;

---

[1] For the purposes of this matter, our firm represents Tal Solomon as well.

Jerusalem l Tel Aviv l New York l Washington, D.C. l Toronto l Moscow l Amman
34 Ben Yehuda Street Jerusalem, Israel 9423001 ירושלים 34, רח' בן יהודה
Tel: +972-2-633-6300 :'טל l Fax: +972-2-672-1767 :פקס l www.fandz.com

*Letter to Nishant Kumar, Esq.*
*United States Department of Justice*
*July 23, 2020*
*Page 2*

    (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;

    (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; [...]

According to the IRS's own publication, disclosure under 26 U.S.C. §6103(h)(4) requires that a "strict test be met before disclosure may be made in a tax proceeding." IRS Publication 4639 (Rev. 10-2012), at 3-1.

The government's apparent reliance on 26 U.S.C. §6103(h)(4) is misplaced for several reasons:

1. *First*, the government mischaracterizes the current proceeding as a "proceeding pertaining to tax administration." It is not.[2] The current litigation is not a "traditional" tax proceeding. It is an administrative proceeding brought under the Administrative Procedure Act and the Regulatory Flexibility Act. As the IRS Publication points out:

> the rules for disclosures in tax administration proceedings were structured for <u>traditional</u> judicial tax proceedings, where the United States and the taxpayer are the <u>only parties</u> and tax issues are the predominate, if not the sole, reason for the proceeding, *i.e.*, Tax Court and refund cases.

> [Emphasis added].

Accordingly, *none* of the four statutory alternatives in section 6103(h)(4) are applicable because this proceeding is not one "pertaining to tax administration."

---

[2] 26 U.S.C. § 6103(b)(4)(A) defines "Tax administration" as "(i) the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and (ii) the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions."] The current proceeding arises out of the government's failure to discharge its duties under the RFA. This can hardly be classified as "tax administration" as defined. The government made a similar argument on motion to dismiss when it argued unsuccessfully that plaintiffs' suit was barred under the Anti-Injunction Act. This Court properly determined that this lawsuit is not about tax revenues and their collections: Plaintiffs do not seek a refund or to impede revenue collection:

> Instead, they challenge the IRS's adopting of regulations without conducting statutorily mandated reviews designed to lessen the regulatory burden on small businesses. As relief, they ask the court simply to compel the agencies to do what the law requires—Regulatory Flexibility Act and Paperwork Reduction Act analyses. Tax revenues and their collection are unaffected by such relief.

ECF 29, at 6.

*Letter to Nishant Kumar, Esq.*
*United States Department of Justice*
*July 23, 2020*
*Page 3*

2. *Second*, in the IRS Publication, the phrase "disclosure in the proceeding" is defined as "disclosure of returns or return information made to a court (including a court reporter or stenographer), a mediator or arbitrator, or to a party to the proceeding under the practices and procedures generally applicable to the proceeding, and subject to any rules governing the proceeding." Nowhere does the Publication even remotely envision the disclosure of tax or information returns to the entire world via the PACER system.

   In fact, according to the Publication, the "rules in section 6103(h) are not well suited to a bankruptcy case, which is a <u>multi-party proceeding</u> that often involves nontax issues as well as tax claims."

   Moreover, there are currently two non-party organizations that have filed amicus curiae briefs in support of the plaintiffs. These non-parties are closely monitoring this case and have easy access to the now illegally disclosed confidential documents.

   The government's disclosure of our clients' tax and related confidential information to the entire world via PACER is in a word both deliberate and outrageous.

   Rather than racing to file 46 pages of our clients' tax and information returns by ECF, thereby rendering them accessible to the entire planet, the government could easily have conferred in advance with counsel for plaintiffs' and Ms. Solomon to discuss making this information available to the Court in a manner that would have protected our clients' privacy rights and furthered the Congressional policy of confidentiality that underlies Section 6103(h). Alternatively, the government could have provided this information under seal. Sadly, the government chose neither alternative.

3. *Third*, the government not only intentionally disclosed our clients' tax returns and other information, but also those of Mr. Silver's wife, Tal Solomon. (ECF 57-3, at 16). The IRS Publication provides that "[t]hird-party returns and return information" mean returns and return information filed with, or received, prepared, or collected by, the IRS with respect to the liability or possible liability under the Code of a taxpayer (or a group of specific taxpayers) who are not parties to the proceeding." Tal Solomon is not a party to this proceeding and her returns, therefore, are "third-party returns." Worse, the information in Tal Solomon's return does not relate at all to the "transactional relationship between" the plaintiffs and the government.

4. *Fourth*, the government's decision to disclose our clients' tax returns and related information in the manner that it selected, was both intentional and in bad faith. *See* 26 U.S.C. §§7213 and 7431.

*Letter to Nishant Kumar, Esq.*
*United States Department of Justice*
*July 23, 2020*
*Page 4*

Plaintiffs and Ms. Solomon request that their tax returns and related information included as ECF 57-3 be removed in their entirety within 24 hours after receipt of this letter.  Should you fail to do so, we will have no alternative but to file a motion to strike the documents from the docket.

The foregoing is without prejudice to our clients' rights to seek civil redress and submit a criminal proceedings against the responsible individuals.

Sincerely,
ZELL, ARON & CO.

L. Marc Zell
*Counsel for Plaintiffs and Ms. Tal Solomon*

---------- Forwarded message ---------
From: **Kumar, Nishant (TAX)** <Nishant.Kumar@usdoj.gov>
Date: Fri, Jul 24, 2020, 4:59 AM
Subject: RE: Notice under 26 U.S.C. 6103(h)(4)
To: Marc Zell <marc.zell.law@gmail.com>
Cc: Sergi, Joseph A. (TAX) <Joseph.A.Sergi@usdoj.gov>, Conner, Laura M. (TAX)
<Laura.M.Conner@usdoj.gov>


Mr. Zell,

We are in receipt of your letter dated July 23, 2020. Section 6103(h)(4) of the Internal Revenue
Code permits the United States to disclose the tax return information that it filed in response to
your motion for summary judgment. As a result, it is unnecessary for us to remove those exhibits
from the Court's record. As you are aware, section 6103(h)(4) permits disclosure of returns or
return information in a judicial proceeding pertaining to tax administration if it meets one of
three tests: the party test, the item test, or the transaction test. Although this is not a traditional
tax case, such as a refund suit, a suit that challenges a tax regulation that addresses how major
components of a tax statute will be implemented, goes to the heart of tax administration and is
clearly within the scope of section 6103(b)(4). Monte Silver put these returns at issue by making
representations about them and his activity. Moreover, the party exception in Section
6103(h)(4)(A) places no limit on what return information of a party can be disclosed. It makes no
difference that Tal Solomon is not a party to the suit. Section 6103(h)(4)(A) expressly authorizes
disclosure in a judicial proceeding relating to tax administration where the taxpayer is a party to
the proceeding. This is Monte Silver's tax return and he is a party to the proceeding. The fact
that Plaintiff Monte Silver filed a joint return with Tai Solomon is part of the return information
of Monte Silver that can be disclosed. Consequently, the filing of these exhibits fits the test and
was done in good faith.


Regards,
Nishant


Nishant Kumar
Trial Attorney
US Department of Justice
Civil Trial Section, Eastern Region
Tax Division
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-2986
Fax: (202)514-6866

---------- Forwarded message ---------
From: **Marc Zell** <marc.zell.law@gmail.com>
Date: Tue, Jul 28, 2020, 6:16 PM
Subject: Silver v. IRS, 19-cv-247 (APM) (D.D.C.)
To: Kumar, Nishant (TAX) <Nishant.kumar@usdoj.gov>

Dear Colleague:

Please let me know when we might confer about my request to seal the plaintiffs' tax returns and those of Mr. Silver's wife. Our concern is that these items are now available through Pacer to the entire planet, a degree of mass publication that serves no conceivable legal purpose. We would like to request your consent to a motion to seal.

I look forward to hearing from you.

Marc Zell
Counsel for Plaintiffs and Ms. Solomon

--

---------- Forwarded message ---------
From: **Kumar, Nishant (TAX)** <Nishant.Kumar@usdoj.gov>
Date: Wed, Jul 29, 2020, 3:47 PM
Subject: RE: Silver v. IRS, 19-cv-247 (APM) (D.D.C.)
To: Marc Zell <marc.zell.law@gmail.com>
Cc: Sergi, Joseph A. (TAX) <Joseph.A.Sergi@usdoj.gov>, Conner, Laura M. (TAX)
<Laura.M.Conner@usdoj.gov>


Counsel,

The DOJ favors open proceedings.  See, for instance, 28 CFR 50.23 and 28 CFR 50.9 (though this guidance doesn't squarely address sealing filings).  Our position, in accordance with the Federal Judiciary Guidelines, attached, is that sealing documents is only warranted in rare and compelling circumstances.  Those are not present here, so we cannot consent to a motion to seal the returns.

However, as we understand the concerns of your client, there may be a couple of other alternatives.

First, the returns were evidence of facts central to certain of our arguments, and to rebut certain assertions of your client. For example, the full returns were included to show that your client did not amend his returns twice because of the transition tax regulations.  They also provided evidence for our assertions that neither Silver nor Silver Limited is a "small entity." The returns supported the fact that neither Silver nor Silver Limited conducts any business in the U.S. and does not have a location here, either.  Plus the fact that Mr. Silver will never owe a transition tax. We would agree to withdraw the returns if you stipulate to such facts (and any others that we cited to the returns to support – I have not done a thorough review of our briefing).  If this could work, we will draft a fact stipulation for your review.

Alternatively, while we believe submitting the entire return is necessary to support some of the above assertions, as an accommodation, we would be willing to file a partially redacted version of the returns that redact information that you client is concerned about.  You can prepare redacted versions of the return documents that we have filed for our review.  We can determine if the information is absolutely necessary to the points we are trying to make.  If we can reach agreement on the redacted returns, we could substitute those for the versions currently filed.

Please let us know how you would like to proceed.

Regards,
Nishant


Nishant Kumar
Trial Attorney
US Department of Justice
Civil Trial Section, Eastern Region
Tax Division
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-2986
Fax: (202)514-6866

**IRS**  File  Pay  Refunds  Credits & Deductions  Forms & Instructions    Search

FBAR to report.

Reporting Information Returns

Self-Employed

Starting a Business

Operating a Business

Closing a Business

Industries/Professions

Small Business Events

Online Learning

Large Business

Corporations

1. a financial interest in or signature or other authority over at least one financial account located outside the United States if
2. the aggregate value of those foreign financial accounts exceeded $10,000 at any time during the calendar year reported.

Generally, an account at a financial institution located outside the United States is a foreign financial account. Whether the account produced taxable income has no effect on whether the account is a "foreign financial account" for FBAR purposes.

But, you don't need to report foreign financial accounts that are:

- Correspondent/Nostro accounts,
- Owned by a governmental entity,
- Owned by an international financial institution,
- Maintained on a United States military banking facility,
- Held in an individual retirement account (IRA) you own or are beneficiary of,
- Held in a retirement plan of which you're a participant or beneficiary, or
- Part of a trust of which you're a beneficiary, if a U.S. person (trust, trustee of the trust or agent of the trust) files an FBAR reporting these accounts.

FBAR Requirements
- Form 8938
- Foreign Account Tax Compliance Act (FATCA)

*[handwritten annotation:]* ] no disclosure ] of pension accounts required.