--------- Forwarded message ---------
From: **Conner, Laura M. (TAX)** <Laura.M.Conner@usdoj.gov>
Date: Thu, Aug 20, 2020, 12:44 AM
Subject: [Not Virus Scanned] [Not Virus Scanned] Silver, et al. v. IRS, et al, No. 1:20-cv-1544
To: mzell@fandz.com <mzell@fandz.com>
Cc: Sergi, Joseph A. (TAX) <Joseph.A.Sergi@usdoj.gov>, Kumar, Nishant (TAX) <Nishant.Kumar@usdoj.gov>

Hello Mr. Zell,

In support of jurisdictional arguments similar to those we raised in our recent summary judgment brief in Case No. 1:19-cv-247, we are planning to file Mr. Silver's Form 5471 for 2017 with our response to your complaint in Case No. 1:20-cv-1544. As you know, we filed that document as Exhibit 1 to our summary judgment brief in Case No. 1:19-cv-247.

For the same reasons stated in the opposition to your motion to seal that we filed Monday in Case No. 1:19-cv-247, we also are permitted to file the Form 5471 in Case No. 1:20-cv-1544. But in light of the concerns you raised in the other case, we want to give you the opportunity to suggest additional redactions to the Form 5471 before we file it with our response. Our response is due Monday, August 24. If you would like to suggest additional redactions, we would appreciate it if you would share them with us by Friday.

For your convenience, we are enclosing a copy of the Form 5471 as filed in Case No. 1:19-cv-247. A password to access the document will follow separately.

Thank you,
Laura Conner

Silver, et al. v. IRS et al., No. 1:20-cv-1544

x

**Marc Zell**

9:26 AM (3 hours ago)

to Laura, Joseph, Nishant, bcc: me

Dear Ms. Conner:

Thank you for your email of August 19th. I do appreciate your contacting me before making any filing of confidential information in the above-referenced case.

I must object to any disclosure of my clients' tax return for the reasons set forth below.

1. The judge in the Transition Tax case (1:19-cv-0247) is about to rule on whether (and if so how) a tax return may be disclosed in a case such as this. I urge you to wait for the ruling in that case before disclosing my client's tax returns in the above-referenced GILTI action.

2. As you are aware, at the motion to dismiss stage, all facts pled by a plaintiff are deemed true and construed in plaintiff's favor. My clients have adequately pled that they are a small business. This is sufficient to withstand a motion to dismiss.

3. As our reply to the summary judgment in the Transition Tax case clearly establishes, my clients have a place of business in the United States. The fact that they may have left out a box on form 5471 is a tangential fact at best. Even if it is relevant, a motion to dismiss is not the place to raise this.

4. Plaintiffs' 2017 Form 5471 is not relevant for the GILTI lawsuit.

5. This case is being extensively covered by the U.S. media. The disclosure of a tax return in a motion to dismiss is highly prejudicial.

The above discussion notwithstanding under strenuous protest and solely to avoid much broader exposure, my clients will agree to either of the following: (i) Plaintiffs will stipulate that the 2017 Form 5471 did not state a U.S. office in the relevant box; or (ii) all material in the form other than the name of Plaintiffs and the empty box be redacted. See attached.

If the foregoing alternative solutions are unacceptable, we request that Form 5471 be filed under seal.

Respectfully,

L. Marc Zell, Esq.

Counsel to Plaintiffs