UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE SILVER and<br>MONTE SILVER, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)  Case No. 1:22-cv-00013-RBW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## UNITED STATES OF AMERICA'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States of America, by and through undersigned counsel, respectfully moves to dismiss this action for failure to state a cognizable claim for relief under Section 7431 of the Internal Revenue Code. In accordance with LCvR 7, the United States is filing with this motion a memorandum of points and authorities in support, and a proposed order.

Dated: February 8, 2022

Respectfully Submitted,

David A. Hubbert
Deputy Assistant Attorney General

*/s/ Jeremy A. Rill*
Jeremy A. Rill
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Jeremy.A.Rill@usdoj.gov
Attorney for the United States

Of Counsel:
Matthew M. Graves
United States Attorney
District of Columbia

i

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE SILVER and<br>MONTE SILVER, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)  Case No. 1:22-cv-00013-RBW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

UNITED STATES OF AMERICA'S MOTION TO DISMISS ....................................................... i

UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS ........................................................................................................... ii

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 1

   A.  *Silver I* ............................................................................................................................... 1

   B.  *Silver II* .............................................................................................................................. 3

   C.  *Silver III* ............................................................................................................................. 4

DISCUSSION ................................................................................................................................. 4

   I.   This Action Should be Dismissed Under Federal Rule of Civil Procedure 12(b)(6)....... 4

      A.  Plaintiffs' allegations do not establish a violation of I.R.C. § 6103............................. 5

      B.  The DOJ's disclosures were authorized under I.R.C. § 6103(h)(4)(A)........................ 6

      C.  Plaintiffs' irrelevant allegations do not change the outcome of this case. ................... 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 9

*Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220 (D.C. Cir. 2005) ......................................... 1

*\*Duncan v. Walker*, 533 U.S. 167 (2001) ................................................................................. 7

*\*First W. Gov't Sec., Inc. v. United States*, 796 F.2d 356 (10th Cir. 1986) ................................. 7

*Fostvedt v. IRS*, 824 F. Supp. 978 (D. Colo. 1993), *aff'd sub nom. Fostvedt v. United States*, 16 F.3d 416 (10th Cir. 1994) .................................................................................. 5

*\*Gardner v. United States*, 213 F.3d 735 (D.C. Cir. 2000) ........................................................ 6

*Hemphill v. Kimberly-Clark Corp.*, 605 F. Supp. 2d 183 (D.D.C. 2009) ....................................... 1

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) ...................................................................... 5

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017) ....................... 10

*Neitzke v. Williams*, 490 U.S. 319 (1989) ............................................................................... 4

*\*Silver v. IRS*, No. 1:19-cv-00247-APM (D.D.C. Jan. 30, 2019), *appeal docketed*, No. 21-5116 (D.C. Cir. May 27, 2021) ("*Silver I*") ............................................................ 1

  *Silver I*, First Amended Complaint, No. 1:19-cv-00247-APM (D.D.C. Mar. 26, 2019) (ECF No. 5) ............................................................................................................ 2

  *Silver I*, Order Denying Motion to Dismiss, 2019 WL 7168625 (D.D.C. Dec. 24, 2019) ................................................................................................................... 2

  *Silver I*, Order Granting Summary Judgment 531 F. Supp. 3d 346, 361 (2021) ................. 2, 9

  *Silver I*, Order Granting-In-Part Motion to Seal, No. 1:19-cv-00247-APM, 2021 WL 1177998, at \*1 (D.D.C. Mar. 28, 2021) ...................................................... 2, 3, 6, 7, 8, 9

*\*Silver v. IRS*, No. 1:20-cv-01544-CKK (D.D.C. June 12, 2021) ("*Silver II*") .............................. 1

  *Silver II*, Complaint, No. 1:20-cv-01544-CKK (D.D.C. June 12, 2020) (ECF No. 1) ......... 3, 8

  *Silver II*, Memorandum in Support of Motion to Dismiss, No. 1:20-cv-01544-CKK (D.D.C. Aug. 24, 2020) (ECF No. 9-1) ........................................................................ 3, 4

  *Silver II*, Order Staying Case, No. 1:20-cv-01544-CKK, 2021 WL 1093395, at \*1 (D.D.C. Feb. 16, 2021) ................................................................................................. 4

*Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169 (D.C. Cir. 2006) .......................................................... 1

*\*United States v. Mangan*, 575 F.2d 32 (2d Cir. 1978) ................................................................. 7

*Welborn v. IRS*, 218 F. Supp. 3d 64 (D.D.C. 2016) ...................................................................... 5

**Statutes**

5 U.S.C. § 611(a)(1) ........................................................................................................................ 3

I.R.C. § 6103 ............................................................................................................................. 5, 10

I.R.C. § 6103(b)(4)(A) .................................................................................................................... 6

I.R.C. § 6103(b)(4)(B) .................................................................................................................... 6

I.R.C. § 6103(h)(2) ......................................................................................................................... 5

I.R.C. § 6103(h)(4) ......................................................................................................... 5, 6, 8, 10

I.R.C. § 6103(h)(4)(A) ................................................................................................... 3, 6, 7, 9, 10

I.R.C. § 692 .................................................................................................................................... 2

I.R.C. § 695 .................................................................................................................................... 2

I.R.C. § 7431 ......................................................................................................................... 1, 4, 10

I.R.C. § 7431(a) ............................................................................................................................. 5

I.R.C. § 951A ............................................................................................................................. 3, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

Fed. R. Civ. P. 12(f)(1) .................................................................................................................. 9

**Regulations**

13 C.F.R. § 121.105 ....................................................................................................................... 4

28 C.F.R. § 50.9 ........................................................................................................................... 10

## INTRODUCTION

In two related cases, Monte Silver and his business, Monte Silver, LTD. ("Silver LTD") have raised legal challenges to the nation's tax administration by arguing that certain Treasury regulations were improperly promulgated. *See Silver v. IRS*, No. 1:19-cv-00247-APM (D.D.C. Jan. 30, 2019), *appeal docketed*, No. 21-5116 (D.C. Cir. May 27, 2021) ("*Silver I*"); *Silver v. IRS*, No. 1:20-cv-01544-CKK (D.D.C. June 12, 2021) ("*Silver II*"). To defend those actions, the Department of Justice ("DOJ") obtained and disclosed tax information that shows the Plaintiffs lack standing to pursue their claims. The Court in *Silver I* rejected Plaintiffs' claim that the disclosure of their return information in that proceeding violated Section 6103 of the Internal Revenue Code. Plaintiffs assert an identical claim here, as well as an almost-identical claim based on disclosure of the same information in *Silver II*. But, as the Court has already ruled, Plaintiffs' claims lack merit. Accordingly, Plaintiffs have failed to state a cognizable claim for damages under I.R.C. § 7431 and, under Federal Rule of Civil Procedure 12(b)(6), this action must be dismissed.

## STATEMENT OF FACTS[1]

A. *Silver I*

Mr. Silver and his business, Silver LTD, filed suit in *Silver I* under the Regulatory Flexibility Act ("RFA") and the Administrative Procedure Act ("APA"), challenging an "extensive set of regulations issued by the United States Department of Treasury ("Treasury") and the Internal Revenue Service ("IRS") that primarily interpret certain complex international

---

[1] The relevant facts are drawn from those alleged in the Complaint, which the Court must accept as true, and the public record of *Silver I* and *Silver II*, of which the Court may take judicial notice. *See Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) ("In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice."); *see also Hemphill v. Kimberly-Clark Corp.*, 605 F. Supp. 2d 183, 186 (D.D.C. 2009) ("A court may take judicial notice of public records from other proceedings.") (citing *Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

provisions" of the Tax Cuts and Jobs Act ("TCJA"). First Amended Complaint ¶ 1, *Silver I*, No. 1:19-cv-00247-APM (D.D.C. Mar. 26, 2019) (ECF No. 5). The key focus of *Silver I* was a new "Transition Tax" created by the TCJA and codified in the Internal Revenue Code ("I.R.C.") Section 965. *Id.* ¶ 15. Plaintiffs requested that the Court enter judgment "remanding the regulations" and "deferring enforcement" of I.R.C. Sections 965 and 962, as well as the regulations, against Plaintiffs and other small businesses. *Id.*

The United States moved to dismiss *Silver I* for lack of subject-matter jurisdiction, arguing, in part, that the Plaintiffs lacked standing to challenge the regulations. 2019 WL 7168625, at *1 (D.D.C. Dec. 24, 2019). In ruling on the motion to dismiss, the Court found that Plaintiffs had alleged an injury sufficient to establish standing. *Id.* at *2. On summary judgment, however, the United States submitted Plaintiffs' tax information to the Court to show that Plaintiffs "'owed no Transition Tax based on their own tax reporting'" and, as a result, Plaintiffs would incur no "future compliance costs." *Silver I*, 531 F. Supp. 3d 346, 361 (2021) (quoting Defs.' Resp. to Facts ¶ 12). As the United States proffered "evidence showing that Plaintiffs have no future injury," the Court found that Plaintiffs failed to meet their burden to raise a disputed issue of fact as to a redressable injury. *Silver I*, 531 F. Supp. 3d at 361. As a result, based in part on Plaintiffs' tax information, the Court found that it lacked jurisdiction over Plaintiffs' claims. *Id.* at 363.

After the United States filed its cross-motion for summary judgment, Plaintiffs separately filed, under seal, a motion to seal the exhibits containing their tax information. (Dkt. 1 ¶ 23). In the sealed motion, Plaintiffs argue that the United States' disclosure of Plaintiffs tax information was "done in violation of the Internal Revenue Code." *Silver I*, No. 1:19-cv-00247-APM, 2021 WL 1177998, at *1 (D.D.C. Mar. 28, 2021). The United States opposed the motion, arguing that

2

the disclosure of Plaintiffs' tax return information was "lawful under the [Internal Revenue Code] and necessary for resolving key legal issues in dispute." *Id.* at *1. After analyzing the relevant portions of Section 6103, the Court found that *Silver I* "easily" satisfied the definition of a matter "pertaining to tax administration," and it rejected Plaintiffs' claim that the United States violated Section 6103 by disclosing their return information in that case. *Id.* (quoting I.R.C. § 6103(h)(4)(A)).

B. *Silver II*

Mr. Silver and Silver LTDs filed a similar suit in *Silver II* under the RFA and the APA, challenging another "extensive set of regulations issued" by Treasury and the IRS "that interpret the complex international tax provisions" of I.R.C. § 951A, which was added to the revenue code as part of the TCJA. Complaint ¶ 1, *Silver II*, No. 1:20-cv-01544-CKK (D.D.C. June 12, 2020) (ECF No. 1). The key focus of *Silver II* is the global intangible low-taxed income ("GILTI") provisions, codified at I.R.C. § 951A. (Dkt. 1 ¶ 26). Plaintiffs request that the Court remand and defer enforcement "of the final rule against Plaintiffs and all other small entities." Complaint at 14, *Silver II*, No. 1:20-cv-01544-CKK.

In moving to dismiss, *Silver II*, the United States pointed out: "Congress limited judicial review under the RFA to claims brought by 'small entities.'" Mem. in Supp. of Mot. to Dismiss at 8, *Silver II*, No. 1:20-cv-01544-CKK (D.D.C. Aug. 24, 2020) (ECF No. 9-1) (quoting 5 U.S.C. § 611(a)(1)). Although Plaintiffs claim they "are treated as small businesses for purposes of the Small Business Act" ("SBA"), Complaint ¶ 7, *Silver II*, No. 1:20-cv-01544-CKK, the United States argued that regulations under the SBA define a small business as one "with a place of business located in the United States, and which operates primarily within the United States or which makes a significant contribution to the U.S. economy through payment of taxes or use of

3

American products, materials or labor." Mem. in Supp. of Mot. to Dismiss at 9–10, *Silver II*, No. 1:20-cv-01544-CKK (quoting 13 C.F.R. § 121.105).

With that legal framework, the United States relied on Plaintiffs' tax information to establish that Silver LTD does not have a place of business in the United States and "does not contribute significantly to the U.S. economy through the payment of taxes." *Id.* at 10–11. Before ruling on the motion to dismiss, however, the Court found that the same question—whether Plaintiffs qualify as a "small entity" under the RFA—was pending in *Silver I* and stayed the action until resolution in that case. *Silver II*, No. 1:20-cv-01544-CKK, 2021 WL 1093395, at *1 (D.D.C. Feb. 16, 2021). With the dismissal of *Silver I* on appeal to the D.C. Circuit, the United States' motion to dismiss *Silver II* remains pending.

### C. Silver III

Against that backdrop, Plaintiffs filed the present suit seeking damages against the United States under I.R.C. § 7431. In their Complaint, Plaintiffs repeat their assertion that the United States violated Section 6103 by filing their return information in *Silver I*. Plaintiffs also rely on the same legal theory to claim that the United States violated Section 6103 by filing the same information in *Silver II*. As this Court has already ruled, Plaintiffs are wrong.

## DISCUSSION

**I.  This Action Should be Dismissed Under Federal Rule of Civil Procedure 12(b)(6).**

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). This procedure "streamlines litigation by dispensing with needless discovery and factfinding" because "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 326–27 (quoting *Hishon v. King*

4

*& Spalding*, 467 U.S. 69, 73 (1984)). Even accepting Plaintiffs' allegations as true, Plaintiffs' claims under I.R.C. § 7431 fail as a matter of law.

### A.  Plaintiffs' allegations do not establish a violation of I.R.C. § 6103.

Section 6103 of the Internal Revenue Code generally prohibits disclosure of tax return information unless expressly authorized by an exception. *See* I.R.C. § 6103. In turn, Section 7431 creates a cause of action under which injured taxpayers may sue the United States for violating Section 6103 by providing: "If any officer or employee of the United States knowingly, or by reason of negligence . . . discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States." I.R.C. § 7431(a). Importantly, to state a claim under Section 7431, a plaintiff must allege a disclosure that violated Section 6103. *See Welborn v. IRS*, 218 F. Supp. 3d 64, 83 (D.D.C. 2016) (citing *Fostvedt v. IRS*, 824 F. Supp. 978, 983 (D. Colo. 1993), *aff'd sub nom. Fostvedt v. United States*, 16 F.3d 416 (10th Cir. 1994)).

In the Complaint, Plaintiffs allege two counts of wrongful disclosure under Section 6103.[2] (Dkt. 1). Collectively, Plaintiffs allege three disclosures: 1) from the IRS to the DOJ, 2) from the DOJ to the Court in *Silver I*, and 3) from the DOJ to the Court in *Silver II*. (Dkt. 1 ¶¶ 12, 16, 28). Yet each of these disclosures were authorized by exceptions in Section 6103. The first disclosure was authorized by subsection (h)(2), which governs disclosures to the DOJ, *see* I.R.C. § 6103(h)(2), and the other two disclosures were authorized by subsection (h)(4), which governs disclosures in judicial and administrative tax proceedings, *see* I.R.C. § 6103(h)(4). And, as Plaintiffs agreed in *Silver I*, subsection (h)(4) is the narrower provision, "such that if disclosure to the court is proper, so too was disclosure to DOJ." *Silver I*, 2021 WL 1177998, at

---

[2] Count two alleges a wrongful disclosure under "26 U.S.C. §1603." The United States assumes this to be a typographical error.

*1. Thus, the Court need only decide whether the DOJ's disclosures of Plaintiffs' tax information to the Court in *Silver I* and *Silver II* were proper.

### B. The DOJ's disclosures were authorized under I.R.C. § 6103(h)(4)(A).

Return information may be disclosed by the DOJ in a federal judicial "proceeding pertaining to tax administration" if other requirements are met. I.R.C. § 6103(h)(4). Relevant here, return information may be disclosed in a judicial tax proceeding "if the taxpayer is a party to the proceeding . . . ." I.R.C. § 6103(h)(4)(A). Because there is no dispute that Silver and Silver LTD were parties to *Silver I* and *Silver II*, their claims here turn on whether those suits are proceedings pertaining to tax administration. The answer—unquestionably—is yes.

In an artful attempt to avoid that truth—not to mention this Court's prior ruling in *Silver I*—Plaintiffs allege that each case "had nothing to do with Plaintiffs' tax liability." (Dkt. 1 ¶¶ 18, 27). But Plaintiffs' narrow understanding of the term "tax administration" is contrary to law; tax administration includes much more than the determination of certain taxpayers' liabilities. Section 6103, itself, defines "tax administration" to mean "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party" and "the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions." I.R.C. § 6103(b)(4)(A). This "includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions." I.R.C. § 6103(b)(4)(B).

Courts have consistently held that the broad definition of "tax administration" covers more than just individual determinations of tax liability. *See, e.g.*, *Gardner v. United States*, 213 F.3d 735, 738 (D.C. Cir. 2000) (noting that the "Internal Revenue Code defines 'tax

administration' fairly broadly" and holding that it encompasses IRS internal personnel investigations); *First W. Gov't Sec., Inc. v. United States*, 796 F.2d 356, 360 (10th Cir. 1986) ("The term 'tax administration' is to be interpreted broadly."); *United States v. Mangan*, 575 F.2d 32, 40 (2d Cir. 1978) (holding that the definition of "tax administration" is "so sweeping as to compel rejection of a restrictive interpretation" and included more than just "disputes between the Government and a taxpayer whose returns were relevant to his own tax liability").

Plaintiffs' narrow reading of "tax administration" is contrary to the established caselaw, the plain language of the statute, and basic principles of statutory construction. In construing Section 6103, it's the Court's "duty to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotations omitted). The Court must be "reluctant to treat statutory terms as surplusage in any setting." *Id.* (cleaned up). But Plaintiffs' suggested reading of "tax administration" as synonymous with only the assessment and collection of liabilities completely erases numerous other definitions of "tax administration" expressly written in Section 6103(b)(4)(A). Moreover, Section 6103(h)(4)(A) authorizes disclosure in a "proceeding pertaining to tax administration" if "the taxpayer is a party to the proceeding, *or* the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability." I.R.C. § 6103(h)(4)(A) (emphasis added). Plaintiff's proposed reading would mean that everything after "or" in subsection (h)(4)(A) is surplusage because it would already be encompassed in the definition of "tax administration" in subsection (h)(4).

For these reasons, this Court in *Silver I* already rejected Plaintiffs' argument that their "administrative" claims do not pertain to tax administration. 2021 WL 1177998, at *1–2. The Court noted that Plaintiffs' challenge to "regulations governing the calculation, reporting, and

7

payment of the so-called 'transition tax,'" issued under Section 965 of the Internal Revenue Code, "easily satisfies" the definition of tax administration. *Id.* at *1. "Plaintiffs' challenge, at a minimum, 'pertains to' the 'administration . . . of the execution and application' of the tax laws." *Id.* Importantly, the Court explained:

> One need look no further than the relief Plaintiffs seek—a "stay [of] the enforcement of the Final Regulations" and the tax law itself, sections 965 and 962, "against Plaintiffs and other small businesses," see First Am. Compl. at 19— to see that this case "pertains to" the "administration" of tax law.

*Id.* at *2. Plaintiffs' Complaint conspicuously fails to mention the Court's rejection of the legal theory on which this suit is predicated.

The Court's analysis in *Silver I* is equally applicable to *Silver II*, an almost identical case challenging IRS regulations related to a different tax provision. In *Silver II*, Plaintiffs challenge regulations governing the calculation, reporting, and payment of tax on GILTI, issued under Section 951A of the Internal Revenue Code. As in *Silver I*, the Plaintiffs in *Silver II* request that the Court stay enforcement of the regulations, and the tax law itself, against Plaintiffs and "and all other small entities." Complaint at 14, *Silver II*, No. 1:20-cv-01544-CKK. It is beyond any serious dispute, that the relief requested by Plaintiffs in both *Silver I* and *Silver II*—a stay of enforcement of IRS regulations against Plaintiffs and other non-parties—would affect, and therefore pertains to, the administration of the nation's tax laws. *Silver I* and *Silver II* are proceedings pertaining to tax administration under Section 6103(h)(4).

As *Silver I* and *Silver II* were both proceedings pertaining to tax administration, the United States was lawfully authorized to disclose Plaintiffs' return information to defend against those actions. Moreover, the disclosure of Plaintiffs' return information was "necessary for resolving key legal issues in dispute," *Silver I*, 2021 WL 1177998, at *1, namely, to establish that Plaintiffs' lack standing to bring their claims. In fact, the Court in *Silver I* ultimately agreed

8

with the United States that Plaintiffs lack standing to assert their claims. *Silver I*, 531 F. Supp. 3d at 363. Although the United States' motion to dismiss remains pending in *Silver II*, the United States anticipates that the Court will reach the same conclusion there. Thus, the United States' disclosures of Plaintiffs' return information were necessary and proper under Section 6103(h)(4)(A) of the Internal Revenue Code.

### C. Plaintiffs' irrelevant allegations do not change the outcome of this case.

Plaintiffs' Complaint includes several conclusory allegations which have no factual support, and, in any event, are wholly irrelevant to Plaintiffs' wrongful disclosure claims. For example, Plaintiffs accuse the United States of several ethical violations, including making "false and damaging statements" related to Plaintiffs return information. (Dkt. 1 ¶ 17). But Plaintiffs make no allegations as to what statements the United States made or how they were false or damaging. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Even if Plaintiffs had supported their conclusory allegations, making false statements is not an element of a wrongful disclosure claim under Section 7431.[3] Thus, these irrelevant allegations can be disregarded and, if this case is not dismissed, should be stricken. *See* Fed. R. Civ. P. 12(f)(1) (allowing the Court to strike "any redundant, immaterial, impertinent, or scandalous matter").

Plaintiffs also make several misleading allegations that the United States placed Plaintiffs' return information "onto the internet." (Dkt. 1 ¶ 19). But the Complaint, and its attachments make clear, *see* Dkt. 1-1 at 6, that Plaintiffs do not allege another disclosure beyond the ones made to the Court. Instead, Plaintiffs' grievance is with the Court's electronic filing

---

[3] Plaintiffs' other allegation of unethical conduct, *see* Dkt. 1 ¶ 22, was also rejected in *Silver I* as "basic lawyering." 2021 WL 1177998, at *2.

9

system that then makes court filings available to the public through the Public Access to Court Electronic Records ("PACER") system.

Once again, the subsequent public availability of documents that have been properly disclosed to the Court under Section 6103(h)(4) does not affect Plaintiffs' wrongful disclosure claims against the United States. Once disclosure is authorized by Section 6103(h)(4), there is no provision in Section 6103 that would require the DOJ to file the documents under seal. In fact, sealing the documents would run contrary to the "common-law right of public access to judicial records," *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017) ("The right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch. Although the right is not absolute, there is a strong presumption in its favor, which courts must weigh against any competing interests."), and the DOJ's own policy in favor of open judicial proceedings, *see* 28 C.F.R. § 50.9.

When disclosure of return information is specifically authorized by Section 6103(h)(4), a taxpayer may move to seal the documents—as Plaintiffs did in *Silver I* and as the United States agreed to do in *Silver II*—but the failure of the United States to request that the documents be sealed, or the Court's failure to do so, does not suddenly create a Section 6103 violation.

## CONCLUSION

Accepting Plaintiffs' allegations as true, Plaintiffs' claims for wrongful disclosure under Section 7431 fail as a matter of law because the United States was authorized, under Section 6103(h)(4)(A), to make the disclosures in judicial tax proceedings.

Dated: February 8, 2022												Respectfully Submitted,

David A. Hubbert
Deputy Assistant Attorney General

*/s/ Jeremy A. Rill*
Jeremy A. Rill
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Jeremy.A.Rill@usdoj.gov
Attorney for the United States

Of Counsel:
Matthew M. Graves
United States Attorney
District of Columbia