UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTE SILVER AND MONTE SILVER LTD.,** *Plaintiffs,* v. **UNITED STATES OF AMERICA** *Defendants* | Civil Action No. 1:22-cv-0013-RBW |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ......................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

   Plaintiffs' allegations establish a violation of 26 U.S.C. §6103(a) ........................................... 3

     (1)   *Silver I* and *Silver II* do not pertain to tax administration ........................................... 3

     (2)   Section 6103(h)(4) authorizes disclosure only as a last resort .................................... 6

     (3)   Section 6103 does not authorize disclosing tax returns and information on the internet ....................................................................................................................... 7

CONCLUSION .............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Diamond v. United States*,
944 F. 2d 431 (8th Cir. 1991) .................................................................................................. 4

*Gardner v. United States*,
213 F.3d 735 (D.C. Cir. 2000) .................................................................................................. 3

*Greenberger v. Internal Revenue Serv.*,
283 F. Supp. 3d 1354 (N.D. Ga. 2017) ..................................................................................... 5

*Hettinga v. United States*,
677 F.3d 471 (D.C. Cir. 2012) .................................................................................................. 2

*Mirv Holdings, LLC v. United States Gen. Servs. Admin.*,
454 F. Supp. 3d 33 (D.D.C. 2020) ............................................................................................ 2

*Nat'l Veterans Legal Services Program v. United States*,
291 F.Supp.3d 123 (D.D.C. 2018), .......................................................................................... 7

*Neitzke v. Williams*,
490 U.S. 319 (1989) .................................................................................................................. 2

*Rueckert v. IRS*,
775 F.2d 208 (7th Cir.1985) ..................................................................................................... 4

*Safeway, Inc. v. I.R.S.*,
2006 WL 3041079 (N.D. Cal. Oct. 24, 2006) .......................................................................... 5

*Silver v. IRS,*
2019 WL 7168625 (D.D.C. Dec. 24, 2019) .............................................................................. 1

**Statutes**

5 U.S.C. §551 ............................................................................................................................. 1
5 U.S.C. §601 ............................................................................................................................. 1

26 U.S.C. §6103 ......................................................................................................................... 3
26 U.S.C. §6103(b)(4)(A) .......................................................................................................... 4
26 U.S.C. §6103(h)(4) ........................................................................................................... 3, 7
26 U.S.C. §7431 ......................................................................................................................... 6

44 U.S.C. §3501 ............................................................................................................................. 1

Tax Cut and Jobs Act, Pub. L. 115–97 (2017) ............................................................................. 1

**Regulations**

26 C.F.R. §301.6103(h)(2)-1(b)(iii) .............................................................................................. 5


**Legislative History and Congressional Debates**

*General Explanation of the Tax Reform Act of 1976*,
   94th Cong. (2d Sess. 1976) ..................................................................................................... 3


**Other Authorities**

IRS Publication 4639 (Rev. 10-2012) ....................................................................................... 4, 7

Michael Saltzman & Leslie Book, IRS Practice & Procedure, *Confidentiality and Disclosure of Tax Returns and Related Information*, 2010 WL 2772699 (Oct. 2021) .................................. 8

## INTRODUCTION

Plaintiffs' lawsuit arises under Sections 6103 and 7431 of the Internal Revenue Code ("IRC"), 26 U.S.C. §§6103 & 7431, and seeks damages for unauthorized sharing and disclosure of Plaintiffs' federal tax returns and return information. Complaint, ECF 1, ¶1. During the course of two related lawsuits commenced by Plaintiffs – *Silver v. IRS*, 1:19-cv-0247 (APM) and *Silver v. IRS*, 1:20-cv-1544-CKK (respectfully "*Silver I*" and "*Silver II*"), the Internal Revenue Service (the "IRS"), Department of Treasury ("Treasury") and other government officers publicly disclosed Plaintiffs' federal tax returns and return information. Complaint, ¶¶7-35.

*Silver I* concerned three federal administrative procedural statutes— Administrative Procedure Act, 5 U.S.C. §551 *et seq*., the Regulatory Flexibility Act ("RFA"), 5 U.S.C. §601, *et seq*., and the Paperwork Reduction Act, 44 U.S.C. §3501, *et seq*., which the IRS and Treasury allegedly violated when they promulgated regulations that implemented and interpreted the complex international Transition Tax provisions under IRC 965, enacted as part of the Tax Cut and Jobs Act, Pub. L. 115–97 (2017) (the "TCJA"). Complaint, ¶8.

*Silver II* principally focuses on Treasury/IRS violations of the RFA during the rule-making process relating to the global intangible low-taxed income ("GILTI") provisions of the TCJA, codified at IRC §951A. Complaint, ¶26.

In *Silver I*, like *Silver II*, Plaintiffs "challenge the IRS's adopting of regulations without conducting statutorily mandated reviews designed to lessen the regulatory burden on small businesses." *Silver v. IRS*, 2019 WL 7168625, at *3 (D.D.C. Dec. 24, 2019). The *Silver I* court made this very clear in its order denying the government's motion to dismiss: Plaintiffs were asking "the court simply to compel the agencies to do what the law requires." *Id*., at *3. Neither *Silver I* nor *II* had anything to do with tax administration or Plaintiffs' personal tax liability. Yet,

this did not stop the IRS and Treasury from posting Plaintiffs' irrelevant tax returns and other related information on the internet for the world to see.

In its Motion to Dismiss ("MTD"), the government argues that the *Silver I* and *II* defendants were entitled to disclose Plaintiffs' tax information because both cases pertained to "tax administration." MTD, at 6-7. For the reasons stated below, this contention is wrong and the government's MTD should be denied.

We also note that the issues raised by the government in its motion to dismiss and addressed by Plaintiffs here are currently pending before the United States Court of Appeals for the District of Columbia Circuit, *Silver v. IRS*, No. 21-5116. Accordingly, the Court may wish to stay these proceedings pending resolution of the issue by the Court of Appeals.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of the complaint. Dismissal is warranted where the complaint lacks a cognizable legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law). In determining whether Plaintiffs have failed to state a claim as a matter of law, the Court must construe the Complaint liberally, granting the Plaintiffs "the benefit of all inferences that can be derived from the facts alleged." *Mirv Holdings, LLC v. United States Gen. Servs. Admin.*, 454 F. Supp. 3d 33, 41 (D.D.C. 2020), *appeal dismissed* 2020 WL 3635113 (D.C. Cir. June 30, 2020), *citing Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012).

**Plaintiffs' allegations establish a violation of 26 U.S.C. §6103(a)**

Under 26 U.S.C. §6103, returns and return information "shall be confidential" and "no officer or employee of the United States […] shall disclose any return or return information obtained by him in any manner." There are two core policies undergirding §6103: **(1)** the importance of voluntary tax compliance, *General Explanation of the Tax Reform Act of 1976*, 94th Cong., 2d Sess., at 315 (1976) ("Joint Committee")[1] ("Congress strove to balance the particular agency's need for the information involved with the citizen's right to privacy and the related impact of the disclosure upon the continuation of compliance with our country's voluntary tax assessment system."); and **(2)** taxpayer privacy. *Id*., at 323.

Section 6103, however, carves out an exception to the general prohibition on disclosure. Under 26 U.S.C. §6103(h)(4), "return or return information may be disclosed in a Federal or State judicial or administrative proceeding *pertaining to tax administration*" under specific circumstances. *Id*. (italics added). In other words, a lawsuit must pertain to "tax administration" as a prerequisite for the application of §6103(h)(4). In its MTD, the government argues that both *Silver I* and *II* are cases "pertaining to tax administration" and disclosure was, therefore, authorized as a matter of law. In the first place, *Silver I* and *II* do not concern tax administration. Second, whether or not *Silver I* and *II* are tax administration cases, disclosure was still prohibited under the statute.

**(1) *Silver I* and *Silver II* do not pertain to tax administration**

Relying on *Gardner v. United States*, 213 F.3d 735, 738 (D.C. Cir. 2000), the government contends that the statute and the case law support a broad definition of "tax administration" that

---

[1] https://www.jct.gov/publications/1976/jcs-33-76/ (Last accessed on February 22, 2022).

3

would encompass cases like *Silver I* and *II*. MTD, at 6-7. [2] The government's sweeping definition of "tax administration" contradicts the IRS's own interpretive guidelines related to §6103. *See Diamond v. United States*, 944 F. 2d 431 (8th Cir. 1991) (in §6103 cases, courts look to government's own manuals). According to the IRS manual, "tax administration" refers to a case "in which a person's liability or collection of that liability under the internal revenue laws, related statutes, or tax conventions is determined, or any judicial proceeding arising out of or in connection with a determination." *See* IRS Publication 4639 (Rev. 10-2012), at 3-10 ("Publication 4639").[3] "The rules for disclosures in tax administration proceedings were formulated for *traditional* judicial tax proceedings, where the United States and the taxpayer are the *only parties* and tax issues are the predominate (*sic*), if not the sole, reason for the proceeding, *i.e.*, Tax Court and refund cases.") (italics added). *Id*., at 6-4; *see also id*. ("disclosures under section 6103(h) in bankruptcy cases should be limited to information pertaining to the **tax matter that is at issue**." (Emphasis added).[4]

While the government cites the statutory definition of "tax administration"[5] to support its

---

[2] *Gardner*, however, is readily distinguishable. That case concerned a challenge by a former IRS attorney who had been discharged. His employment was terminated for alleged failures to comply with federal and state tax laws. The tax returns were used to show Gardner's non-compliance. The Court of Appeals correctly characterized the use of the tax returns as "pertaining to tax administration" because the disclosure was "necessary to maintain the integrity of the tax enforcement authorities." *Id*., at 739, *citing Rueckert v. IRS*, 775 F.2d 208 (7th Cir.1985). Here, however, the integrity of the tax authorities and the tax administration system was never in dispute. *Silver I* and *II* concerned proper agency conduct under the RFA.
[3] https://www.irs.gov/pub/irs-pdf/p4639.pdf (last accessed on February 22, 2022).
[4] Publication 4639 is an IRS manual aimed to the general public and does not encompass the limited extension of the tax administration concept discussed in *Gardner*.
[5] 26 U.S.C. §6103(b)(4)(A) defines "tax administration" as

> (i) the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and

4

position, it does not show how *Silver I* and *II* – RFA administrative challenges – fall within this definition. According to the government's position, every administrative law challenge that concerns and IRS regulation would automatically constitute "tax administration" giving the government a blank check to disclose a taxpayer's tax information. This flies in the face of the core congressional policy to protect taxpayer privacy.

Here, it is undisputed that *Silver I* and *Silver II* are administrative challenges under the RFA. *Silver I* and *II* are solely about protecting small business from overly burdensome government regulations. They are not about the development, administration, and formulation of federal tax policy. Moreover, it is undisputed that *Silver I* and *II* did not involve any determination of Plaintiffs' tax liability or concern the "integrity of the tax enforcement authorities." *Gardner*, *supra*, at 739. *Silver I* and *II* are about having the government consider the concerns of small businesses in the rule-making process. The RFA sets forth a mandatory framework for all agency rule-making and is not specifically aimed at the IRS, Treasury or other the federal tax regime. That the regulations in question happen to be a tax matter does not alter the fundamental nature of this administrative proceeding.

In this regard, Plaintiffs' RFA lawsuits are analogous to FOIA actions that deal directly with tax matters. In the FOIA context, federal courts have consistently held that FOIA requests seeking tax information do not "pertain to tax administration." *E.g.*, *Greenberger v. Internal Revenue Serv.*, 283 F. Supp. 3d 1354, 1371 (N.D. Ga. 2017) (FOIA proceedings do not pertain to "tax administration"); *Safeway, Inc. v. I.R.S.*, 2006 WL 3041079, at *7 (N.D. Cal. Oct. 24, 2006)

---

(ii)     the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions.

5

(same).[6]

Therefore, the government's disclosure of Plaintiffs' return and return information was plainly prohibited and Plaintiffs have stated a cognizable claim under 26 U.S.C. §§6103 & 7431.

**(2) Section 6103(h)(4) authorizes disclosure only as a last resort**

Section 6103(h)(4) authorizes disclosure "only if such purpose or activity cannot otherwise properly be accomplished without making such disclosure." 26 C.F.R. §301.6103(h)(2)-1(b)(iii). The government could have accomplished what it thought it needed to accomplish "without making such a disclosure" of Plaintiffs' tax information. For example, in its MTD, the government claims that it disclosed Plaintiffs' tax information in *Silver I* "to show that Plaintiffs owed no Transition Tax based on their own tax reporting." MTD, at 2 (internal quotations omitted). However, the proof of this assertion could have easily been "accomplished without making such a disclosure," by way of stipulation. 26 C.F.R. §301.6103(h)(2)-1(b)(iii). Plaintiffs in *Silver I* repeatedly stated that they owned no Transition Tax. *See, for example*, Declaration of Monte Silver in *Silver I*, ECF 23-2, ¶18. The issue was, thus, uncontested.

The government failed to consult with Plaintiffs or their counsel regarding the issues the

---

[6] The government argues that Plaintiffs' interpretation of "tax administration" would "mean that everything after 'or' in subsection (h)(4)(A) is surplusage because it would already be encompassed in the definition of "tax administration" in subsection (h)(4)." Subsection (h)(4)(A) provides:

> A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only
>
> > (A) if the taxpayer is a party to the proceeding, or *the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title*;

The government claims that the highlighted language would be surplusage. MTD, at 7. The government misconstrues Plaintiffs' argument. Plaintiffs have never so contended.

6

government contended were relevant, before massively publicizing this sensitive information on the internet.  No attempt whatsoever was made to discuss the confidential information before the government posted these returns electronically through the court's CM/ECF system and thence to the world through PACER.

Because the government disclosed information to prove allegations that it could have made without making such a disclosure, it cannot rely on §6103(h)(4) as a defense. Accordingly, Plaintiffs have a cognizable legal claim against the government under §§6103 and 7431.

**(3) Section 6103 does not authorize disclosing tax returns and information on the internet**

Disclosure under 26 U.S.C. §6103(h)(4) is permitted only to the court and not to all mankind.  The IRS recognizes this in its own internal manuals.  Disclosure in a "proceeding" means "a disclosure of returns or return information made to a court (including a court reporter or stenographer), a mediator or arbitrator, or to a party to the proceeding under the practices and procedures generally applicable to such proceeding, and subject to any rules governing such proceeding." IRS Publication 4639, *supra*, at 6-14.

Section 6103(h)(4) does not authorize the filing of tax returns and information on PACER, where data is instantly downloaded by third party data services and made public to the world. *See* Exhibit "A" to this Opposition.[7]  Under §6103(h)(4), disclosure in a "proceeding" can never mean providing public access to private confidential tax returns for the entire world to see by a mere click of a mouse.[8] When Congress enacted Section 6103(h)(4) it could not have anticipated the

---

[7] Upon learning that the confidential information was available to the public via a variety of data service providers, Plaintiffs contacted them to ensure that the information be removed from their systems.

[8] Indeed, many Circuits prohibit or significantly limit disclosure even when the information is independently in the public domain. *See* IRS Publication 4639, *supra*, at 2-29 to 2-31. For a description of the PACER system, *see Nat'l Veterans Legal Services Program v. United States,* 291 F.Supp.3d 123, 126-127 (D.D.C. 2018), *aff'd & remanded,* 968 F.3d 1340 (Fed. Cir. 2020),

7

internet revolution and the advent of the PACER system.[9] *See* Michael Saltzman & Leslie Book, IRS PRACTICE & PROCEDURE, ¶4.08 *Confidentiality and Disclosure of Tax Returns and Related Information*, 2010 WL 2772699, at 40 (Oct. 2021) ("Since the passage of Section 6103, the creation of the Internet and maintenance of data in an electronic format have changed both the amount of information available to the public generally and the risk that the data will be misused.").

Because the government did not limit its disclosure to the Court, Plaintiffs' Complaint establishes a cognizable legal claim and there are no grounds for dismissal under FRCP 12(b)(6).

## CONCLUSION

For the reasons stated above, the government's Motion to Dismiss should be denied in its entirety. Alternatively, a ruling on the Motion should be held in abeyance pending a ruling in *Silver v. IRS*, No. 21-5116, currently pending in the United States Court of Appeals for the District of Columbia Circuit.

Date: February 22, 2022.

Respectfully submitted,

*/s/ Lawrence Marc Zell*

L. Marc Zell
D.C. Bar #959437
ZELL & ASSOCIATES INTERNATIONAL ADVOCATES, LLC
1345 Ave. of the Americas 2nd Floor
New York, NY 10105
(212)-971-1349
Email: mzell@fandz.com
*Counsel for Plaintiffs*

---

*appeal pending after remand,* No. 21-5291, 2021 WL 5332029 (D.C. Cir., Dec. 21, 2021).
[9] PACER was established in 1988. The CF/ECM filing system began in the late 1990s. *See* https://www.uscourts.gov/news/2013/12/09/25-years-later-pacer-electronic-filing-continue-change-courts (last accessed on Feb. 22, 2022).