UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE SILVER and<br>MONTE SILVER, LTD., | )<br>)   Case No. 1:22-cv-00013-RBW<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

### UNITED STATES OF AMERICA'S REPLY
### IN SUPPORT OF ITS MOTION TO DISMISS

To avoid dismissal of his meritless claims, Mr. Silver dodges the clear statutory language and applicable case law, offers inapplicable citations, and lodges irrelevant complaints about Section 6103 as written by Congress. Plaintiffs acknowledge that the motion to dismiss can be resolved as a matter of law, but they continue to ignore the fact that the legal theory underpinning this action has already been rejected by this Court. Nothing in Plaintiffs' response changes that conclusion.

**I.   IRS publications do not supersede statute.**

Ignoring the wealth of caselaw defining tax administration broadly, not to mention the Court's decision in *Silver I*, Plaintiffs point to IRS Publication 4639 in support of their narrow interpretation. (Dkt. 6 at 4). But it's settled law that administrative guidance cannot supersede statute. *See Miller v. Comm'r*, 114 T.C. 184, 195 (2000) ("Administrative guidance contained in IRS publications is not binding on the Government, nor can it change the plain meaning of tax statutes."). Indeed, it seems that Plaintiffs do not take their own argument seriously as they concede that Publication 4639 is "an IRS manual aimed to the general public" that does not discuss the binding precedent established in *Gardner* (Dkt. 6 at 4 n.4), which Plaintiffs

1

incorrectly describe as a "limited extension." *See Gardner v. United States*, 213 F.3d 735, 739 (D.C. Cir. 2000) (noting that Courts have taken "the lead from Congress' broad language" in examining the scope of "tax administration").

Citing *Diamond v. United States*, 944 F.2d 431 (8th Cir. 1991), Plaintiffs claim that in Section 6103 cases "courts look to [the] government's own manuals." (Dkt. 6 at 4). But, contrary to Plaintiffs' suggestion, the court in *Diamond* did not rely on a manual to interpret Section 6103. Instead, *after* the court found a violation of Section 6103, it affirmed the district court's finding that the government was not liable for damages under section 7431 because the violation at issue resulted "from a good faith, but erroneous interpretation" of Section 6103 because the employee relied on IRS internal guidelines. 944 F.2d at 435–36.

Here, there is no violation of Section 6103, nor any need to look beyond the broad definition in Section 6103(b)(4) or this Court's ruling in *Silver I* to conclude that both the IRS and the DOJ's disclosure of Plaintiffs' return information in that case and *Silver II* was based upon an objectively reasonable interpretation of "tax administration" for purposes of the good faith defense afforded by Section 7431(b).[1] *See Norman E. Duquette, Inc. v. Comm'r*, 110 F. Supp. 2d 16, 22 (D.D.C. 2000) ("In applying this good faith safe harbor, courts have adopted the objective standard used to determine good faith in executive branch qualified immunity cases—namely, that an unauthorized disclosure is not actionable unless the government employee violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Huckaby v. United States*, 794 F.2d 1041, 1048 (5th Cir. 1986)).

---

[1] Section 7431(b)(1) provides that no liability shall arise under Section 7431 with respect to any inspection or disclosure that results in a good faith, but erroneous, interpretation of Section 6103.

Plaintiffs attempt to sow confusion about how *Silver I* and *Silver II* fit within that definition by ignoring the explanation given by the Court in *Silver I*: "Plaintiffs' challenge, *at a minimum*, 'pertains to' the 'administration . . . of the execution and application' of the tax laws." *Silver v. IRS*, No. 19-cv-247-APM, 2021 WL 1177998, at *1 (D.D.C. Mar. 28, 2021) (emphasis added). It defies logic to suggest that *Silver I* and *Silver II*—which both seek a stay of enforcement of IRS regulations and portions of the Internal Revenue Code against Plaintiffs and other small businesses—do not pertain to "the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws . . . ." I.R.C. § 6103(b)(4)(A)(i).

## II.   Section 6103(h)(4) does not require that disclosure be a "last resort."

In attempting to graft this requirement onto Section 6103(h)(4), Plaintiffs build a house of cards that, upon further inspection, falls apart. The walls of this house are built, not with statutory language, but with a regulation that governs disclosures made by the DOJ to the extent necessary in connection with a Federal grand jury proceeding or "the proper preparation for a [tax administrative] proceeding." Treas. Reg. § 301.6103(h)(2)-1(b)(1). Plaintiffs seize on the limiting language in the regulation while ignoring the investigative purpose the regulation is designed to facilitate. But because the disclosures made in *Silver I* and *Silver II* were not pre-suit investigative disclosures to properly prepare to bring a matter pertaining to tax administration—they were made to a court to resolve an issue in a docketed matter pertaining to tax administration—the regulation Plaintiffs cite does not apply and it provides no basis for the Court to add new requirements to Section 6103(h)(4).

The roof of Plaintiffs' house of cards is the proposition that, assuming there is some statutory "last resort" requirement, the United States could have established that Plaintiffs lacked

3

Case 1:22-cv-00013-RBW   Document 7   Filed 02/28/22   Page 4 of 5

standing to bring their suits by stipulation. The absurdity of this proposition is confirmed by an email Plaintiffs attached to their Complaint (Dkt. 1-1 at 7), which shows that the United States requested *exactly* what Plaintiffs suggest. Rather than agree to a stipulation that would allow the United States to withdraw the return information, Plaintiffs accused the United States of an "unethical, sharp practice," that allegedly threatened Plaintiffs' personal safety. (Dkt. 1 ¶ 22).

Thus, because Plaintiffs would not agree to the relevant jurisdictional facts—that Plaintiffs would incur no future compliance costs related to the transition tax and that Plaintiffs are not "small entities" under the Regulatory Flexibility Act—Plaintiffs left the United States with no other option but to disclose their return information to establish that they lacked standing to pursue their claims. Their contention that there were other alternatives to the disclosures permitted by Section 6103(h)(4) is a false flag their own filings refute, and the Court should reject.

### III.    Congress must be the one to further limit disclosures to the Court.

Plaintiffs argue that when "Congress enacted Section 6103(h)(4) it could not have anticipated the internet revolution and the advent of the PACER system." (Dkt. 6 at 7–8). While that might be true, any amendments to Section 6103 to reflect the information age in which we currently live must be enacted by Congress, not this Court. As it stands now, Section 6103(h)(4) authorized the disclosures at issue and the Court's local rules required the United States to make the disclosures to the Court through the CM/ECF system, *see* LCvR 5.4(a), which made the information available through PACER. Nothing in Section 6103 required the United States to seek to file the information under seal.

4

**IV.    There exists no basis to stay this case.**

Plaintiffs tacitly acknowledge that this Court has already determined that Section 6103 authorized the disclosures at issue by asking the Court to stay this case while the D.C. Circuit considers the issues raised in *Silver I*. A stay is sometimes warranted when "a prior case which may have preclusive effect over the instant proceedings is pending on appeal." *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 87 (D.D.C. 2017). This is not the case here. Although the Court's rejection of Plaintiffs' allegations of wrongful disclosure in *Silver I* was well-reasoned, and unlikely to be disturbed on appeal, there is no guarantee that it will have preclusive effect over Plaintiffs' separate claims for damages here. Indeed, there is no guarantee that the Court of Appeals will even reach the question presented in this case.

Based on the clear language of Section 6103, and the broad definition of tax administration, this Court should not delay in dismissing Plaintiffs' meritless claims.

Dated: February 28, 2022                    Respectfully Submitted,

                                                                        David A. Hubbert
Deputy Assistant Attorney General

*/s/ Jeremy A. Rill*
Jeremy A. Rill
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-0513 (v)
202-514-4963 (f)
Jeremy.A.Rill@usdoj.gov
Attorney for the United States

Of Counsel:
Matthew M. Graves
United States Attorney
District of Columbia