UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONTE SILVER, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 22-13 (RBW) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

The plaintiffs, Monte Silver and his business Monte Silver Ltd., bring this civil action pursuant to 26 U.S.C. § 7431 against the United States of America (the "government"), alleging the unauthorized disclosure of the plaintiffs' federal tax returns, in violation of 26 U.S.C § 6103. See Complaint ("Compl.") ¶¶ 1, 36–45, ECF No. 1. Currently pending before the Court is the United States of America's Motion to Dismiss ("Def.'s Mot." or the "government's motion"), ECF No. 5. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must grant the government's motion.

### I. BACKGROUND

**A. Factual Background**

The plaintiff, Monte Silver, is a United States citizen who lives and operates his business Monte Silver Ltd., which is also a plaintiff in this action, in Israel. See Compl. ¶¶ 2–3. This case concerns actions taken by the government in two prior cases brought by the plaintiffs and

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss ("Pls.' Opp'n"), ECF No. 6; and (2) the United States of America's Reply in Support of its Motion to Dismiss ("Def.'s Reply"), ECF No. 7.

assigned to other members of this Court: (1) Silver v. Internal Revenue Service, Civil Action No. 19-247 ("Silver I"), and (2) Silver v. Internal Revenue Service, Civil Action No. 20-1544 ("Silver II"). The Court will discuss each case in turn.

**1. Silver I**

On January 30, 2019, the plaintiffs in the case currently before the Court brought suit against the Internal Revenue Service ("IRS") and the Department of the Treasury ("Treasury") in Silver I. See Compl. ¶ 7. In Silver I, the plaintiffs alleged that "the IRS and [the] Treasury violated" the Administrative Procedure Act, 5 U.S.C. §§ 551–59; the Regulatory Flexibility Act, 5 U.S.C. §§ 601–12; and the Paperwork Reduction Act, 44 U.S.C. §§ 3501–21, when they promulgated "regulations that implemented and interpreted . . . the Tax Cut and Jobs Act" (the "Tax Act"). Id. ¶ 8. Specifically, the plaintiffs challenged regulations implementing the so-called "transition tax," which "impose[d] a one-time tax on U[nited ]S[tates ('U.S.')] shareholders of certain specified foreign corporations . . . by deeming those earnings to be repatriated and included in the U.S. person's income for the 2017 tax year." Silver I, 531 F. Supp. 3d 346, 351–52 (D.D.C. 2021), opinion modified on denial of reconsideration, No. 19-cv-247 (APM), 2021 WL 7287301 (D.D.C. Nov. 1, 2021) (internal quotation marks omitted) (footnote omitted) (citing 6 U.S.C. § 965(a)).

Prior to the filing of summary judgment motions in Silver I, the IRS and the Treasury "provided officers and employees of the Department of Justice [('DOJ')] . . . confidential documents relating [to] the [p]laintiffs' 2017 federal tax returns" (the "confidential documents"). Compl. ¶ 12. After the plaintiffs moved for summary judgment on May 15, 2020, see id. ¶ 14, the IRS and the Treasury filed their cross-motion for summary judgment on July 20, 2020, see id. ¶ 15, including the confidential documents as attachments with their cross-motion, see id. ¶ 16. According to the plaintiffs, in their cross-motion, the IRS and the Treasury also allegedly

"made outrageous, false[,] and damaging statements [ ] relating to the [c]onfidential [d]ocuments[.]" Id. ¶ 17.  The plaintiffs also contended that, "at no time prior to" either the disclosure of the confidential documents to the DOJ by the IRS and the Treasury or the submission of these documents by the DOJ in Silver I "did [the government] ever contact [the plaintiffs] to discuss the" submission of the documents or the issues to which the documents allegedly pertained.  Id. ¶ 19.  The plaintiffs further represent that, despite the submission to the Court of the confidential documents, "Silver I had nothing to do with [the p]laintiffs' tax liability[,] but instead was a[n] . . . administrative law procedural challenge to [the] regulations[,]" grounded in the "significant on-going compliance costs" that the "new law and regulations imposed [up]on [the p]laintiff[s.]"  Id. ¶ 18.

In response to the disclosure of the confidential documents in Silver I, on July 23, 2020, the plaintiffs sent the IRS and the Treasury a letter "request[ing] that [the plaintiffs'] tax returns and related information . . . be removed in their entirety" from the Silver I docket.  Id., Exhibit ("Ex.") A (Re: Illegal Disclosure of Tax Returns under 26 U.S.C. § 6103 in Silver, et al. v. IRS, et al., No. 1:19-cv-0247 (D.D.C.) (July 23, 2020)) at 4, ECF No. 1-1.  Although the IRS and the Treasury initially denied the plaintiffs' request to remove the documents, they did "offer[ ] to do so if [the plaintiffs] would concede a critical jurisdictional fact of the case," id. ¶ 22, namely, that "neither [plaintiff wa]s a 'small entity[,]'" and that "Silver will never owe a transition tax[,]" id., Ex. A (RE: Silver v. IRS, 19-cv-247 (APM) (D.D.C.) (July 29, 2020)) at 7, ECF No. 1-1.  The plaintiffs presumptively declined this request due to their belief that making the concessions "would have resulted in the dismissal of the[ir] lawsuit."  Id. ¶ 22.

"On August 3, 202[0],"[2] id. ¶ 23, the plaintiffs filed a motion to seal the confidential documents, see id., and, "[o]n February 24, 2021," id. ¶ 24, the [ ] Court provisionally sealed the [ ] [d]ocuments[,]" id.  "On March, 28, 2021, the [ ] Court denied . . . [the p]laintiffs' motion[,]" id. ¶ 25, to the extent that it sought the sealing of the documents in their entirety, see Silver I, No. 19-cv-247 (APM), 2021 WL 1177998, at *3 (D.D.C. Mar. 28, 2021), and "order[ed] the parties to meet and confer and file . . . proposed redactions to the [documents,]" Compl. ¶ 25.  In the event that "the parties could not reach agreement," the Court directed them to "file supplementary briefing" on the issue.  Id.  Thereafter, although "the parties discussed the possible redactions, [ ] they were not able to agree and, consequently[,] submitted supplemental briefing."  Id.

On March 28, 2021, the Court granted the IRS's and the Treasury's cross-motion for summary judgment.  See Silver I, 531 F. Supp. 3d at 366.  On May 25, 2021, the plaintiffs appealed the Court's memorandum opinion and order granting summary judgment to the IRS and the Treasury and the Court's partial denial of the plaintiffs' motion to seal to the District of Columbia Circuit.  See Notice of Appeal at 1, Silver I, Civil Action No. 19-247, ECF No. 78.  Subsequently, on December 6, 2022, the Circuit affirmed the Court's merits judgment and dismissed the appeal of the Court's ruling on the motion to seal.  See Notice of Supplemental Authority, Ex. A (Judgment, Silver, et al. v. Internal Revenue Service, et al., No. 21-5116 ("Judgment")) at 1, ECF No. 12-1.  With respect to the dismissal of the Court's ruling on the motion to seal, the Circuit determined that it "lack[ed] jurisdiction to review" the Court's ruling

---

[2] In their Complaint, the plaintiffs allege that they filed their motion to seal "[o]n August 3, 2021[.]"  Compl. ¶ 23.  However, given that they also assert that the Court provisionally sealed the documents "[o]n February 24, 2021," id. ¶ 24, and ruled on their motion "[o]n March 28, 2021," id. ¶ 25, the Court will construe the plaintiffs' reference to August 3, 2021, as a typographical error and conclude that the plaintiffs intended to refer to the year 2020, rather than the year 2021.

4

that § 6103 does not apply "because the sealing question [wa]s collateral to the merits" of the appeal and "the sealing order made no final decision on whether parts of Silver's tax return should remain confidential[.]" Id., Ex. A (Judgment) at 3.

## 2. Silver II

On June 12, 2020,[3] the plaintiffs filed a second suit against the IRS and the Treasury, alleging violations of the Administrative Procedure Act, 5 U.S.C. §§ 551–59; the Regulatory Flexibility Act, 5 U.S.C. §§ 601–12; and the Paperwork Reduction Act, 44 U.S.C. §§ 3501–21. Compl. ¶ 26. In Silver II, the plaintiffs alleged that these violations occurred "during the rule[]making process relating to the global intangible low-taxed income [ ] provisions of the [Tax Act.]" Id. Similarly to Silver I, the plaintiffs conceded that they "owed no taxes either under the new [global intangible low-taxed income] law or the regulations [ ] issue[d] interpreting the law[,]" but they claimed that "the new law and regulations" resulted in "significant on-going compliance costs[.]" Id. ¶ 27.

On August 24, 2020,[4] the IRS and the Treasury filed a motion to dismiss, which again included the confidential documents as attachments. See id. ¶ 28. As with Silver I, the plaintiffs argued that "the [c]onfidential [d]ocuments . . . had absolutely nothing to do with any of the underlying issues in Silver II." Id. ¶ 32. "Prior to filing their motion . . . , counsel for the IRS and [the] Treasury . . . asked [the plaintiffs] if they had redactions [that] they wished to insert in the [c]onfidential [d]ocuments before" the documents were filed on the docket. Id. ¶ 29. The plaintiffs "objected to any disclosure of the [c]onfidential [d]ocuments." Id. "However, under

---

[3] The Complaint alleges that the plaintiffs commenced Silver II "[o]n June 12, 2021[.]" Compl. ¶ 26. However, given the fact that the Court stayed Silver II on February 16, 2021, see Silver II, No. 20-cv-1544 (CKK), 2021 WL 1093395, at *1 (D.D.C. Feb. 16, 2021), the Court will construe the plaintiffs' reference to June 12, 2021, as a typographical error and conclude that the plaintiffs intended to refer to the year 2020, rather than the year 2021.

[4] Again, because Silver II was stayed on February 16, 2021, see Silver II, 2021 WL 1093395, at *1, the Court concludes that the plaintiffs intended to refer to the year 2020 instead of 2021.

protest and solely to avoid much broader exposure, [they] agreed to either" (1) a "stipulat[ion] that the [c]onfidential [d]ocuments did not state a U.S. office in the relevant box" or (2) redactions of "all material in the form other than the name of [the p]laintiffs and the empty box[.]" Id. ¶ 30.  Thereafter, "[t]he Silver II defendants submitted a redacted version of portions of the [c]onfidential [d]ocuments." Id. ¶ 31.  On February 16, 2021, the Court stayed Silver II pending the resolution of the cross-motions for summary judgment in Silver I.  See Silver II, No. 20-cv-1544 (CKK), 2021 WL 1093395, at *1 (D.D.C. Feb. 16, 2021).  Subsequently, on November 7, 2022, the Court granted the IRS's and the Treasury's motion to dismiss.  See Silver II, No. 20-cv-1544 (CKK), 2022 WL 16744921, at *1 (D.D.C. Nov. 7, 2022).  The Court's November 7, 2022 decision is currently on appeal to the District of Columbia Circuit.  See Notice of Appeal at 1, Silver II, Civil Action No. 20-1544, ECF No. 26.

**B.     Procedural History of this Case**

On January 4, 2022, the plaintiffs filed their Complaint in this case, "seek[ing] damages for [the government's purported] unauthorized sharing and disclosure of [the p]laintiffs' federal tax returns and return information" in the Silver I and Silver II cases.  Compl. ¶ 1.  On February 8, 2022, the government filed its motion to dismiss this case.  See Def.'s Mot. at 1.  On February 22, 2022, the plaintiffs filed their opposition to the government's motion, see Pls.' Opp'n at 1, and on February 28, 2022, the government filed its reply, see Def.'s Reply.

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged."  Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).  While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing Twombly, 550 U.S. at 555).  Also, the Court need not "accept legal conclusions cast as factual allegations[,]" or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint[.]"  Hettinga, 677 F.3d at 476.  The Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice."[5]  Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

### III.   ANALYSIS

The government moves to dismiss the plaintiffs' Complaint, arguing that "each of the[] disclosures" alleged by the plaintiffs—(1) "from the IRS to the DOJ," (2) "from the DOJ to the Court in Silver I," and (3) "from the DOJ to the Court in Silver II"—"were authorized by exceptions in [26 U.S.C. §] 6103."  Def.'s Mot. at 5.  The plaintiffs counter that the exceptions

---

[5] Because the Court may "take judicial notice of public records from other proceedings[,]" Hemphill v. Kimberly-Clark Corp., 605 F. Supp. 2d 183, 186 (D.D.C. 2009) (citing Covad Comms. Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005)), the Court will take judicial notice of the public record of the proceedings in both Silver I and Silver II.

cited by the government do not apply and that "disclosure was [ ] prohibited under the statute." Pls.' Opp'n at 3. For the following reasons, the Court concludes that all three disclosures were authorized by § 6103 and, thus, the Court must grant the government's motion.

Section 6103 of the Internal Revenue Code states that "[tax r]eturns[6] and [tax] return information[7] shall be confidential," and thus, as a general rule, "no officer or employee of the United States . . . shall disclose any return or return information obtained by him [or her] in any manner in connection with his [or her] service[.]"[8] 26 U.S.C. § 6103(a). However, § 6103 also provides exceptions for when returns and return information may be disclosed. See id. § 6103(c)–(o). Relevant to this case,

> [a] return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—
>
>> (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal

---

[6] Section 6103 defines a "return" as "any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under" the Internal Revenue Code. 26 U.S.C. § 6103(b)(1).

[7] Section 6103 defines "return information" to mean

> a taxpayer's identity, the nature, source, or amount of his [or her] income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]

Id. § 6103(b)(2).

[8] Section 6103 is enforceable via 26 U.S.C. § 7431, which states that:

> [i]f any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of [§] 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Id. § 7431(a)(1).

>    liability, or the collection of such civil liability, in respect of any tax imposed under this title;
>
> (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
>
> (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or
>
> (D) to the extent required by order of a court pursuant to [18 U.S.C. § 3500] or [R]ule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

Id. § 6103(h)(4).

The government asserts that its disclosures to the Court in both Silver I and Silver II "were authorized by [§ 6103](h)(4),[9] which governs disclosures in judicial and administrative

---

[9] With respect to the disclosure from the IRS and the Treasury to the DOJ in Silver I, see Compl. ¶ 12 ("[A]t some point after the commencement of Silver I, the defendants in Silver I provided officers and employees of the [DOJ—]in violation of 26 U.S.C. §[ ]6103[—]confidential documents relating [to] the [p]laintiffs' 2017 federal tax returns."), the government relies on § 6103(h)(2) as authorization for the disclosure, see Def.'s Mot. at 5 (arguing that the disclosure "from the IRS to the DOJ . . . was authorized by [§ 6103(h)(2)], which governs disclosures to the DOJ").

Pursuant to § 6103(h)(2),

>    [i]n a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the [DOJ] . . . personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if—
>
>    (A) the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;
>
>    (B) the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or
>
>    (C) such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.

(continued . . .)

9

tax proceedings," Def.'s Mot. at 5 (citing 26 U.S.C. § 6103(h)(4)).  In response, the plaintiffs argue that: (1) § 6103(h)(4) does not apply because "Silver I and Silver II do not pertain to tax administration[,]" Pls.' Opp'n at 3; (2) § 6103(h)(4) "authorizes disclosure 'only if such purpose or activity cannot otherwise properly be accomplished without making such [a] disclosure[,]'" id. at 6 (quoting 26 C.F.R. § 301.6103(h)(2)-1(b)(iii)); and (3) even if disclosure to the Court was permitted under § 6103(h)(4), "the filing of [the] tax returns and information on" the Public Access to Court Electronic Records ("PACER") system was not authorized, id. at 7.  The Court will begin its analysis by addressing whether the language of § 6103(h)(4) authorized the government's disclosures to the Court in Silver I and Silver II—including a determination of whether the suits "pertain[ed] to tax administration," 26 U.S.C. § 6103(h)(4)—before turning to the plaintiffs' remaining arguments.

### A.      Whether § 6103(h)(4) Authorized the Disclosures to the Court in Silver I and Silver II

The government argues that the DOJ's disclosures to the Court in Silver I and Silver II were authorized under the exemption found in § 6103(h)(4), see Def.'s Mot. at 6, which, as discussed above, permits the disclosure of tax returns or tax information in a "judicial . . .

---

(. . . continued)
Id. § 6103(h)(2).

In its motion, the government contends that § 6103(h)(4) "is the narrower provision, such that if disclosure to the [C]ourt is proper[ under § 6103(h)(4)], so too was disclosure to [the] DOJ [under § 6103(h)(2).]" Def.'s Mot. at 5 (internal quotation marks omitted).  And, in their opposition, the plaintiffs neither oppose the government's representation nor present any argument pertaining specifically to § 6103(h)(2).  See generally Pls.' Opp'n.  Thus, the plaintiffs have conceded the argument regarding the disclosure to the DOJ under § 6103(h)(2).  See Toms v. Off. of the Architect of the Capitol, 650 F. Supp. 2d 11, 18 (D.D.C. 2009) (Walton, J.) ("[A] court in this District, at least when the plaintiff is represented by counsel, may consider as conceded any arguments raised by a defendant's Rule 12(b)(6) motion that are not addressed in a plaintiff's opposition.").  Furthermore, the government's characterization appears to be consistent with an agreement by the parties in Silver I that "the standards under [§ 6103(h)(4)] are the narrower of the two, such that if disclosure to the [C]ourt is proper, so too was disclosure to [the] DOJ." Silver I, 2021 WL 1177998, at *1 (internal citation omitted).  Accordingly, because the Court concludes that disclosure to the Court in Silver I and Silver II was authorized by § 6103(h)(4), see infra Section III, the Court also concludes that disclosure by the IRS and the Treasury to the DOJ during Silver I did not violate § 6103(h)(2).

10

proceeding pertaining to tax administration . . .  [when] . . . the taxpayer is . . . a party to the proceeding[,]" 26 U.S.C. § 6103(h)(4).  Because the plaintiffs were parties in both Silver I and Silver II, see Compl. ¶¶ 7, 26, the Court must assess whether those cases "pertain[ed] to tax administration" within the meaning of § 6103(h)(4).  See Def.'s Mot. at 6 ("Because there is no dispute that [the plaintiffs] were parties to Silver I and Silver II, their claims here turn on whether those suits are proceedings pertaining to tax administration."); Pls.' Opp'n at 3 ("[A] lawsuit must pertain to 'tax administration' as a prerequisite for the application of §[ ]6103(h)(4).").  The government argues that "tax administration" "includes much more than the determination of certain taxpayers' liabilities[,]" and includes cases such as Silver I and Silver II.  Def.'s Mot. at 6.  In response, the plaintiffs contend that "tax administration" should be defined more narrowly and that Silver I and Silver II should be regarded as "administrative challenges[,]" rather than cases "about the development, administration, and formulation of federal tax policy."  Pl.'s Opp'n at 5.  For the following reasons, the Court concludes that both Silver I and Silver II pertained to tax administration and thus the DOJ's disclosures to the Court were authorized under § 6103(h)(4).

Section 6103 "defines 'tax administration' fairly broadly, to include[,]" Gardner v. United States, 213 F.3d 735, 738 (D.C. Cir. 2000):

> the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and
>
> [ ] the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions[, as well as the]
>
> [ ] assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

26 U.S.C. § 6103(b)(4). Therefore, a case "pertain[s] to tax administration," id. § 6103(h)(4), provided that the case "reference[s]" or is "connected . . . in some way" to one of the above-listed subjects, Silver I, 2021 WL 1177998, at *2 (internal quotation marks omitted). See Norman E. Duquette, Inc. v. Comm'r of Internal Revenue Serv., 110 F. Supp. 2d 16, 20 (D.D.C. 2000) (adopting the "majority position" that "the term 'tax administration' should be read broadly"); Silver I, 2021 WL 1177998, at *1 ("The [ ] Circuit has explained that the [Internal Revenue Code] defines 'tax administration' fairly broadly[.]").

Applying the definition of "tax administration" found in § 6103(b)(4), the Court concludes, in accordance with the Court in Silver I, see 2021 WL 1177998, at *2 (concluding that "th[e] case 'pertain[ed] to' the 'administration' of tax law"), that both Silver I and Silver II pertained to tax administration within the meaning of § 6103(h)(4). In Silver I, the plaintiffs challenged "the process by which [the Treasury and the IRS] issued regulations governing the calculation, reporting, and payment of the [ ] transition tax[,]" id. at *1. See Compl. ¶ 8 ("Silver I concerned three federal administrative procedural statutes . . . , which the IRS and Treasury violated when they issued an extensive set of regulations that implemented and interpreted the [ ] international [t]ransition [t]ax provisions . . . , enacted as part of the [Tax Act.]"). As the Court in Silver I concluded, such a challenge "easily satisfies th[e] definition[,]" Silver I, 2021 WL 1177998, at *1, of "tax administration" in § 6103(b)(4) because it "reference[d]" or was "connected . . . in some way[,]" id. at *2, to "the administration[] . . . of the execution and application of the internal revenue laws[,]" 26 U.S.C. § 6103(b)(4).[10] See

---

[10] The plaintiffs contend that the Court should "look to [the] government's own manuals[,]" Pls.' Opp'n at 4, according to which the term "tax administration[,]" 26 U.S.C. § 6103(b)(4), refers "to a case 'in which a person's liability or collection of that liability under the internal revenue laws, related statutes, or tax conventions is determined, or any judicial proceeding arising out of or in connection with a determination.'" Id. (quoting Internal Revenue Serv., Publication 4639 (Rev. 10-2012), Disclosure & Privacy Law Reference Guide 3-10 (2012) ("Publication 4639")). In support of their argument, the plaintiffs cite Diamond v. United States, 944 F. 2d 431 (8th
(continued . . .)

12

Silver I, 2021 WL 1177998, at *2 (noting that "[o]ne need look no further than the relief [the p]laintiffs seek—a stay [of] the enforcement of the [r]egulations and the [T]ax [Act] itself, . . . against [the p]laintiffs and other small businesses [ ]—to see that this case 'pertains to' the 'administration' of tax law" (internal quotation marks and citations omitted)).  Similarly, Silver II was an "administrative law procedural challenge[,]" Compl. ¶ 27, to the IRS's and the Treasury's promulgation of tax regulations "relating to the global intangible low-taxed income [ ] provisions of the [Tax Act,]" id. ¶ 26.  Such a challenge similarly "reference[s]" or is "connected . . . in some way[,]" Silver I, 2021 WL 1177998, at *2 to the "administration . . . of the execution and application of the internal revenue laws[,]" 26 U.S.C. § 6103(b)(4). Accordingly, because both Silver I and Silver II "pertain[ed] to tax administration[,]" id. § 6103(h)(4), and because the plaintiffs were parties in both cases, see id., the Court concludes that the DOJ's disclosures of the confidential documents to the Court in those cases were permissible under § 6103(h)(4).

---

(. . . continued)
Cir. 1991), for the proposition that, "in § 6103 cases, courts look to [the] government's own manuals[.]"  Pls.' Opp'n at 4.

However, the plaintiffs' reliance on Diamond is misplaced.  In addition to the fact that Diamond is an Eighth Circuit case and thus cannot supersede in this District the D.C. Circuit's ruling in Gardner regarding the broad meaning of "tax administration[,]" see Gardner, 213 F.3d at 738 ("The Internal Revenue Code defines 'tax administration' fairy broadly[.]"), Diamond itself does not support the proposition that the Court should generally look to government manuals in § 6103 cases.  Rather, the Eighth Circuit held that the manuals can be used to determine whether "the IRS . . . interpreted [§] 6103 erroneously but in good faith[,]" Diamond 944 F. 2d at 435, which is pertinent to analyses under § 7431 regarding whether a disclosure resulted from "a good faith, but erroneous, interpretation of [§] 6103[,]" 26 U.S.C. § 7431.  See id. § 7431(b) (providing that "[n]o liability shall arise . . . with respect to any inspection or disclosure" when the disclosure was the result of "a good faith, but erroneous, interpretation of [§] 6103.").  Here, however, because the Court concludes that the government's interpretation of § 6103 was valid and that the disclosures in this case were authorized thereunder, there is no need to look to the government's manual to determine if its interpretation was made in good faith.  Furthermore, the language of an IRS manual cannot supersede the statutory language, see Miller v. Comm'r of Internal Revenue, 114 T.C. 184, 195 (2000) ("Administrative guidance contained in IRS publications is not binding on the [g]overnment, nor can it change the plain meaning of tax statutes."), and thus the narrower interpretation found in Publication 4639 cannot supplant the language of § 6103 defining "tax administration" more broadly.  Therefore, the argument advanced by the plaintiffs does not provide sufficient reason to reject the Court's holding in Silver I.

13

## B.     The Plaintiffs' Remaining Arguments

The Court having concluded that the disclosures of the confidential documents by the DOJ in Silver I and Silver II were authorized under § 6103(h)(4), the Court will now address the plaintiffs' remaining arguments.  The plaintiffs argue that (1) "[§] 6103(h)(4) authorizes disclosure 'only if such purpose or activity cannot otherwise properly be accomplished without making such disclosure'" and the DOJ "could have accomplished what it thought it needed to accomplish without . . . disclos[ing] [ ] [the p]laintiffs' tax information[,]" Pls.' Opp'n at 6 (quoting 26 C.F.R. § 301.6103(h)(2)-1(b)); and (2) even if disclosure to the Court was authorized under § 6103(h)(4), disclosure to the public via PACER was not authorized, see id. at 8.  The Court will address each argument in turn.

First, the plaintiffs argue that "[§] 6103(h)(4) authorizes disclosure only as a last resort[,]" citing 26 C.F.R. § 301.6103(h)(2)-1(b)(iii), and, here, "[t]he government could have accomplished what it thought it needed to accomplish without . . . disclos[ing] [ ] [the p]laintiffs' tax information[.]"  Pls.' Opp'n at 6; see also id. ("Section 6103(h)(4) authorizes disclosure 'only if such purpose or activity cannot otherwise properly be accomplished without making such disclosure.'" (quoting 26 C.F.R. § 301.6103(h)(2)-1(b)(iii))).  In response, the government argues that the language quoted by the plaintiffs from 26 C.F.R. § 301.6103(h)(2)-1(b)(iii) "does not apply" and "provides no basis for the Court to add new requirements to [§] 6103(h)(4)."  Def.'s Reply at 3.  The Court agrees with the government that 26 C.F.R. § 301.6103(h)(2)-1(b)(iii) does not apply here.

Section 301.6103(h)(2)-1(b) states that

> [r]eturns and return information . . . inspected by or disclosed to officers and employees of the [DOJ] . . . may be disclosed by such officers and employees to other persons . . . <u>only to the extent necessary in connection with a Federal grand jury proceeding, or the proper preparation for a proceeding (or in connection with</u>

14

<u>an investigation which may result in such a proceeding), described in paragraph (a).</u>[11]  Such disclosures may include, but are not limited to, disclosures—

> (i) To properly accomplish any purpose or activity of the nature described in [§] 6103(k)(6) and the regulations thereunder which is essential to such Federal grand jury proceeding, or to such proper preparation (or to such investigation);
>
> (ii) To properly interview, consult, depose, or interrogate or otherwise obtain relevant information from, the taxpayer to whom such return or return information relates (or such taxpayer's legal representative) or from any witness who may be called to give evidence in the proceeding; or
>
> (iii) To properly conduct negotiations concerning, or obtain authorization for, settlement or disposition of the proceeding, in whole or in part, or stipulations of fact in connection with the proceeding.
>
> <u>Disclosure of a return or return information to a person other than the taxpayer to whom such return or return information relates or such taxpayer's legal representative to properly accomplish any purpose or activity described in this paragraph should be made, however, only if such purpose or activity cannot otherwise properly be accomplished without making such disclosure.</u>

26 C.F.R. § 301.6103(h)(2)-1(b) (emphases added).

Thus, as the government correctly argues, <u>see</u> Def.'s Reply at 3, this provision applies to the "[d]isclosure of returns and return information . . . by officers and employees of the [DOJ] . . . to the extent necessary in connection with a Federal grand jury proceeding, or the proper preparation for a proceeding (or in connection with an investigation which may result in a proceeding), described in paragraph (a)[,]" 26 C.F.R. § 301.6103(h)(2)-1(b), <u>i.e.</u>, a proceeding "before a Federal grand jury or any Federal or State court, . . . including any such proceeding (or any such investigation) also involving the enforcement of a related Federal criminal statute[,]" <u>id.</u> § 301.6103(h)(2)-1(a).  However, as alleged in the plaintiffs' Complaint, the disclosures by the DOJ to the Court were made during the proceedings actually before the Court in both <u>Silver I</u>

---

[11] Paragraph (a) describes proceedings "before a Federal grand jury or any Federal or State court, in a matter involving tax administration . . . including any such proceeding (or any such investigation) also involving the enforcement of a related Federal criminal statute[.]"  26 C.F.R. § 301.6103(h)(2)-1(a).

15

and Silver II, see Compl. ¶¶ 12, 28, not in connection with (1) "a Federal grand jury proceeding[,]" 26 C.F.R. § 301.6103(h)(2)-1(b); (2) "the [ ] preparation for a proceeding[,]" id., "before a Federal grand jury or any Federal or State court[,]" id. § 301.6103(h)(2)-1(a); or (3) "an investigation which may result in such a proceeding[,]" id. § 301.6103(h)(2)-1(b). Therefore, § 301.6103(b)(2) does not apply, and the plaintiffs are incorrect that the DOJ's disclosure would only be authorized "as a last resort[.]" Pls.' Opp'n at 6.

Second, the plaintiffs argue that "[d]isclosure under . . . §[ ]6103(h)(4) is permitted only to the [C]ourt and not to all mankind[,]" Pls.' Opp'n at 7, and thus, the DOJ violated § 6103 by filing the information on PACER, see id. at 7–8. In response, the government counters that "[n]othing in [§] 6103 required the United States to seek to file the information under seal." Def.'s Reply at 4. The Court agrees and therefore concludes that § 6103 does not preclude the filing of properly disclosed tax returns on PACER.

Section 6103(h)(4) states that "[a] return or return information may be disclosed in a Federal or State judicial or administrative proceeding[,]" 26 U.S.C. § 6103(h)(4), but does not expressly state that such disclosure should not be made in a public filing, see generally id. The plaintiffs do not identify any provision in § 6103 or other authority prohibiting the public filing of documents that have been permissibly disclosed under § 6103(h)(4), see generally Pls.' Opp'n, and the Court has been unable to locate any such prohibition, see generally 26 U.S.C. § 6103. Moreover, § 6103(h)(4) states that "[a] return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration[,]" subject to the enumerated limitations. Id. § 6103(h)(4). This provision does not limit the individuals to whom disclosure is authorized in such proceedings. See generally id. Accordingly, because disclosure under § 6103(h)(4) is authorized "in a Federal or State judicial

16

or administrative proceeding pertaining to tax administration[,]" id., the Court concludes that public disclosure in such a proceeding occurs under that subsection in accordance with the forum's customary rules.

In federal courts, there is a "strong presumption in favor of public access to judicial proceedings[,]" Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991), which finds its root in "this country's common law tradition of public access to records of a judicial proceeding[,]" United States v. Hubbard, 650 F.2d 293, 314 (D.C. Cir. 1980). Moreover, in this Court, unless there is good cause for information to be filed under seal, "all documents to be filed with the Court must be filed by electronic text-searchable means[.]" LCvR 5.4(a). Therefore, in Silver I and Silver II, the DOJ complied with both § 6103(h)(4) and this Court's Local Rules in filing their submissions, including the confidential documents, on PACER.

Accordingly, for the above reasons, the Court concludes that the plaintiffs have failed to state a claim that the disclosure of the confidential documents in Silver I and Silver II violated § 6103 and, thus, the Court must grant the government's motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the government's motion and dismiss the plaintiffs' Complaint.

**SO ORDERED** this 30th day of January, 2023.[12]

REGGIE B. WALTON<br>
United States District Judge

---

[12] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.